RECEIVED
By JKing1 at 8:37 am, Nov 15, 2023

AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Eastern District of Kentucky

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Raheem Sulaiman Abdul-Qawi | ) | Case No.  5:17-cr-58-GFVT-EBA-1 |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

*Defendant*

## ARREST WARRANT

To:     Any authorized law enforcement officer

    **YOU ARE COMMANDED** to arrest and bring before a United States magistrate judge without unnecessary delay
*(name of person to be arrested)*   Raheem Sulaiman Abdul-Qawi                                                                ,
who is accused of an offense or violation based on the following document filed with the court:

❏ Indictment      ❏ Superseding Indictment    ❏ Information    ❏ Superseding Information    ❏ Complaint
❏ Probation Violation Petition    ☑ Supervised Release Violation Petition    ❏ Violation Notice    ❏ Order of the Court

This offense is briefly described as follows:

    violations of supervised release

Date:  11/14/2023

City and state:   Lexington, KY

                                                    Robert R. Carr by Kimberly Marsh, Deputy Clerk
                                                    *Printed name and title*

*Issuing officer's signature*

| Return |
|---|
| This warrant was received on *(date)* _____ , and the person was arrested on *(date)* _____ at *(city and state)* _____ . |
| Date: _____ |
| *Arresting officer's signature* |
| *Printed name and title* |

AO 442  (Rev. 11/11)  Arrest Warrant (Page 2)

**This second page contains personal identifiers provided for law-enforcement use only and therefore should not be filed in court with the executed warrant unless under seal.**

*(Not for Public Disclosure)*

Name of defendant/offender: _____

Known aliases: _____

Last known residence: _____

Prior addresses to which defendant/offender may still have ties: _____

_____

Last known employment: _____

Last known telephone numbers: _____

Place of birth: _____

Date of birth: _____

Social Security number: _____

Height: _____     Weight: _____

Sex: _____     Race: _____

Hair: _____     Eyes: _____

Scars, tattoos, other distinguishing marks: _____

_____

History of violence, weapons, drug use: _____

_____

Known family, friends, and other associates *(name, relation, address, phone number)*: _____

_____

FBI number: _____

Complete description of auto: _____

_____

Investigative agency and address: _____

_____

Name and telephone numbers (office and cell) of pretrial services or probation officer *(if applicable)*: _____

_____

Date of last contact with pretrial services or probation officer *(if applicable)*: _____

_____

**Print**     **Save As...**          **Reset**

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## PROBATION OFFICE

**Warren G. "Butch" Little, II**
**Chief U.S. Probation Officer**



United States Federal Courthouse
310 South Main Street, Room 248
London, Kentucky 40741
Office: (606) 877-7920
Fax: (606) 877-7925

**November 8, 2023**

## SUPERVISED RELEASE VIOLATION REPORT

**NAME:  Raheem Sulaiman Abdul-Qawi**
         **aka Keith E. Davis**

**DATE TSR BEGAN:**   **8/27/2021**

**DOCKET NO.:  5:17-CR-058-GFVT-01**

**DATE TSR EXPIRES: 8/26/2027**

**COURT:  Lexington**

**JUDGE:  Honorable Gregory F. Van Tatenhove**
        **United States District Judge**
        **(Originally:  Joseph M. Hood)**

On January 8, 2018, Raheem Sulaiman Abdul-Qawi (Abdul-Qawi) appeared before the Court for sentencing following a plea of guilty to a violation of 21 U.S.C. § 841(a)(1):  Distribution of Carfentanil and 18 U.S.C. §922(g)(1): Felon in Possession of a Firearm.  The defendant was sentenced to 57 months imprisonment, with a six-year term of supervised release to follow.

On August 27, 2021, Abdul-Qawi was released from the Bureau of Prisons to begin service of his six-year term of supervised release, which is scheduled to expire on August 26, 2027.

On October 1, 2022, Abdul-Qawi was referred to Windows of Discovery for outpatient substance abuse counseling, and has continued to voluntarily participate in weekly sessions, even after it was recommended that he successfully complete counseling.

The purpose of this correspondence is to report the following alleged violations of the defendant's conditions of supervised release.

## Violation Conduct

On November 2, 2023, the Warren County, Ohio Common Pleas Court Services contacted the Lexington probation office notifying that Abdul-Qawi had an arraignment scheduled for November 3, 2023 in case number 23-CR-41075.  They further informed the probation office that on October 16, 2023, the Grand Jury of the state of Ohio returned a two-count indictment (attached) charging Abdul-Qawi with Receiving Stolen Property, in violation of Ohio Revised Code section 2913.51(A)and (C), Receiving Stolen Property, a felony of the fifth degree and Misuse of Credit Cards, in violation of Ohio Revised code section 2913.21(B)(2) and (D)(3), also a felony in the fifth degree.  Furthermore, the cumulative retail value of the

Honorable Gregory F. Van Tatenhove
U.S. District Judge
November 8, 2023
Page 2

RE: ABDUL-QAWI, Raheem Sulaiman aka Keith E. Davis
DKT: 5:17-CR-058-GFVT-01)
<u>SUPERVISED RELEASE VIOLATION REPORT</u>

property and services involved in one or more violations of division (B)(2), (3), or (4) of this section, which violations involve one or more credit card accounts and occur within a period of ninety consecutive days commencing on the date of the first violation, is one thousand dollars or more and is less than seven thousand five hundred dollars.

According to the Ohio Uniform Incident Report and Narrative Supplement (attached), on August 11, 2023, the Monroe County Police Department took a report for a stolen or lost debit card. The victim stated that while shopping on August 11, 2023, she noticed her debit card was missing. She was unsure if the card was stolen or if she had dropped it. Her bank began to text her about possible fraudulent charges on her account. She then checked her mobile banking and noticed multiple charges from Walmart, O'Reily's, Speedway, Lowes, and Advanced Auto. These charges were all made between 17:46 and 20:15 hours on August 11, 2023. The various charges totaled $1,138.52.

Video footage was retrieved from Walmart in Lebanon and Evendale, Ohio which shows a male meeting the description of Abdul-Qawi and a female named Amanda Mulligan making purchases without consent using a credit card that did not belong to either party. Walmart provided a copy of the receipts used from their purchases that shows they purchased jump starters, windshield wipers, cat toys, batteries, a lamp, microwave, cat food, a television, and other items that could not be determined by the receipt. This officer has been unable to determine if any police contact was made with Abdul-Qawi prior to this indictment being returned.

On November 3, 2023, Abdul-Qawi appeared in the State of Ohio, Warren County Common Pleas Court for an arraignment in case number 23-CR-41075. He entered a plea of not guilty to both counts of the above referenced indictment. He was released on an Own Recognizance bond with pretrial supervision. A No Contact Order (attached) was also issued at the time of the arraignment instructing Abdul-Qawi to have no contact with Courtney Robinson, the victim named in the case. Following the hearing, Abdul-Qawi was instructed to report to pretrial services for a urine drug test. He submitted a urine specimen that was positive for fentanyl on an instant test. Abdul-Qawi denied the use of fentanyl, and the test was sent to their laboratory for confirmation. Subsequently, Warren County Pleas Court Judge Robert W. Peeler was notified of the test result, found that Abdul-Qawi had violated the terms of his bond, and he was taken into custody. He is being held in the Warren County Jail, without bail, pending further order of their Court.

### <u>Violation #1:</u>

#### <u>Mandatory Condition #1:</u>  You must not commit another federal, state or local crime.

As referenced in the Violation Conduct above, Abdul-Qawi was indicted in the Warren County, Ohio Pleas Court on two counts of fifth degree felony charges. According to Ohio law, *fifth degree felony violations are among the least severe, requiring between 6 and 12 months of imprisonment, and up to a $2,500 fine. The court may impose an additional five years of community control. Examples of F-5 violations include breaking and entering and theft over an amount of $1,000.*  **This is a Grade C Violation**.

**Honorable Gregory F. Van Tatenhove**
**U.S. District Judge**
**November 8, 2023**
**Page 3**

RE:   ABDUL-QAWI, Raheem Sulaiman aka Keith E. Davis
DKT: 5:17-CR-058-GFVT-01)
<u>SUPERVISED RELEASE VIOLATION REPORT</u>

<u>**Violation #2:**</u>

> <u>**Mandatory Condition #3:**</u>  **You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.**

As reported in the Violation Conduct, Abdul-Qawi tested positively for fentanyl on an instant test cup administered by Warren County pretrial services following his arraignment in case 23-CR-41075. Abdul-Qawi denied the use of fentanyl. As of this writing, the results of this test have not been confirmed positive by their laboratory. If the test is confirmed positive, the grade of this violation will be more severe. **This is a Grade C Violation**.

<u>**Violation #3:**</u>

> <u>**Standard Condition #3:**</u>  **You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.**

Upon learning of Abdul-Qawi's indictment in the state of Ohio, this officer contacted him to inquire about both the indictment and the fact that he was in allegedly in the Southern District of Ohio without permission. He initially denied that he was in Ohio at all, but later called this officer and apologized for being dishonest and admitted that he was, in fact, in Ohio on August 11, 2023 with Amanda Mulligan. **This is a Grade C Violation.**

<u>**Violation #4:**</u>

> <u>**Standard Condition #4:**</u>  **You must answer truthfully the questions asked by your probation officer.**

As referenced in Violation Number Three of this report, Abdul-Qawi was not truthful with this officer regarding his whereabouts on August 11, 2023. He also denied being involved in any criminal activity, reporting that he went to meet "someone from the past" named Amanda Mulligan, who offered to buy him items for his vehicle. **This is a Grade C Violation.**

<u>**Violation #5:**</u>

> <u>**Standard Condition #8:**</u>  **You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.**

While at this time it is unclear as to the extent of Abdul-Qawi or Amanda Mulligan's involvement in the criminal activity alleged in the indictment referenced in the Violation Conduct section of this report, a criminal history background check was conducted on Ms. Mulligan, and revealed that she is a convicted felon (Possession of Controlled Substance, 1st Offense (Methamphetamine), Possession of Controlled Substance, 1st Offense (Opiates), Possession of Controlled Substance, 2nd Degree, Drug Unspecified,

Honorable Gregory F. Van Tatenhove
U.S. District Judge
November 8, 2023
Page 4

RE:   ABDUL-QAWI, Raheem Sulaiman aka Keith E. Davis
DKT: 5:17-CR-058-GFVT-01)
<u>SUPERVISED RELEASE VIOLATION REPORT</u>

Possession of Controlled Substance, 3rd Degree, Drug Unspecified (Fayette County, Kentucky Case 21-CR-0072).  Ms. Mulligan also had a Probation Violation for Felony Offense on January 24, 2022.  Abdul-Qawi did not have permission to associate with Ms. Mulligan.  **This is a Grade C Violation.**

## Guideline Estimate and Statutory Requirements

Pursuant to U.S.S.G. §7B1.4(a), should the Court revoke the defendant's supervised release based on a **Grade C Violation** and a Criminal History Category of **V**, the recommended guideline range of imprisonment would be **7 to 13 months**.  Count One of the original offense is a **Class B felony**; therefore, the maximum authorized term of imprisonment upon revocation is **36 months** pursuant to 18 U.S.C. § 3583(e)(3).  Pursuant to 18 U.S.C. § 3583(h) and 21 U.S.C. §§ 841(b)(1)(C) and 851, the authorized reimposition of a term of supervised release is not less than six years, and not more than life.

## Summary and Recommendation

Based on the above-referenced alleged violations of the defendant's conditions of supervised release, this officer respectfully requests the issuance of an arrest warrant, to be lodged as a detainer, so the defendant may be brought before the Court.

Should Your Honor require clarification or additional information, this officer will be available upon the Court's request.

Respectfully submitted,

Kristen B. O'Brien
Senior U.S. Probation Officer

Reviewed by:

Donte' L. Key
Supervisory U.S. Probation Officer

Enclosures

PROB 12C
(Rev. 6/22)

# UNITED STATES DISTRICT COURT

### for

## EASTERN DISTRICT OF KENTUCKY

## Petition for Warrant or Summons for Person Under Supervision

Name of Offender:   Raheem Sulaiman Abdul-Qawi            Case Number:   5:17-CR-058-GFVT-01
                    aka Keith E. Davis

Register/USM Number:   21580-032

Name of Sentencing Judicial Officer:   Honorable Gregory F. Van Tatenhove, U.S. District Judge
                                       (Originally:  Joseph M. Hood)

Date of Original Sentence:   January 8, 2018

Original Offense:   Distribution of Carfentanil and Felon in Possession of a Firearm

Original Sentence:   57 months imprisonment, with 6 years of supervised release to follow

Type of Supervision:   Supervised Release          Date Supervision Commenced:   August 27, 2021

Assistant U.S. Attorney:   Cynthia T. Rieker          Defense Attorney:   Robert Michael Murphy

---

### PETITIONING THE COURT

☒  To issue a warrant

☐  To issue a summons

The probation officer believes that the person under supervision has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|
| 1 | Violation of federal, state, or local law |
| 2 | Use of a controlled substance |
| 3 | Travel outside the judicial district without permission |
| 4 | Failure to answer truthfully inquiries of the probation officer |
| 5 | Association with convicted felon without permission |

U.S. Probation Officer Recommendation:

☐  The term of supervision should be:

☐  revoked.

☐  extended for _____ years, for a total term of _____ years.

RE:  ABDUL-QAWI, Raheem Sulaiman aka Kieth E. Davis
    Dkt. # 5:17-CR-058-GFVT-01
    <u>PROB 12C</u>

☐  The conditions of supervision should be modified as follows:

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 8, 2023

*Kristen O'Brien*

Kristen B. O'Brien
Senior U.S. Probation Officer

---

THE COURT ORDERS:

☐  No action.

☐  The issuance of a warrant (Matter Sealed Pending Arrest).

☐  The issuance of a summons.

☐  Refer to presiding Magistrate Judge for hearing and preparation
    of a Report and Recommendation.

☐  Forward a copy of violation report to U.S. Attorney's Office.

☐  Other

_____

                          Signature of Judicial Officer

_____

                                     Date

COMMON PLEAS COURT
WARREN COUNTY, OHIO
FILED

2023 OCT 16 PM 8: 47

JAMES L. SPAETH
CLERK OF COURTS

## IN THE WARREN COUNTY COMMON PLEAS COURT, GENERAL DIVISION OF WARREN COUNTY, OHIO

**STATE OF OHIO**

**Plaintiff**

VS.

**RAHEEM ABDUL-QAWI**
**DOB: 8/6/1977**

**Defendant.**

Case No. _23CR41075_

**INDICTMENT**

**September Term 2023**

## Count One - Receiving Stolen Property F5

*The Jurors of the Grand Jury of the State of Ohio, within and for the body of Warren County, on their oaths, in the name and by the authority of the State of Ohio, do find and present:*

Raheem Abdul-Qawi, on or about the 11th day of August, 2023, in the county of Warren aforesaid, did receive, retain, or dispose of the property of another, knowing or having reasonable cause to believe that the property had been obtained through commission of a theft offense and the property involved was any of the property listed in section 2913.71 of the Revised Code in violation of Ohio Revised Code §2913.51(A), 2913.51(C), **Receiving Stolen Property**, a felony of the fifth degree.

*The offense is contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio.*

Page 1 of 3

## <u>Count Two - Misuse of Credit Cards F5</u>

*The Grand Jurors do further find and present:*

Raheem Abdul-Qawi, on or about the 11th day of August, 2023, in the county of Warren aforesaid, did, with purpose to defraud, obtain property or services by the use of a credit card, in one or more transactions, knowing or having reasonable cause to believe that the card has expired or been revoked, or was obtained, is retained, or is being used in violation of law in violation of Ohio Revised Code §2913.21(B)(2), 2913.21(D)(3), **Misuse of Credit Cards**, a felony of the fifth degree.

FURTHERMORE, the cumulative retail value of the property and services involved in one or more violations of division (B)(2), (3), or (4) of this section, which violations involve one or more credit card accounts and occur within a period of ninety consecutive days commencing on the date of the first violation, is one thousand dollars or more and is less than seven thousand five hundred dollars.

*The offense is contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio.*

Page 2 of 3

**IN THE WARREN COUNTY COMMON PLEAS COURT, GENERAL DIVISION OF WARREN COUNTY, OHIO**

CASE NO. _____          September Term 2023

**Raheem Abdul-Qawi**
2044 Georgian Way
D23
Lexington, KY 40504

DOB: 8/6/1977

Indictment for:

| | |
|---|---|
| Count 1: | Receiving Stolen Property, O.R.C. §2913.51(A), 2913.51(C), F5 |
| Count 2: | Misuse of Credit Cards, O.R.C. §2913.21(B)(2), 2913.21(D)(3), F5 |

**A TRUE BILL**

_____
Foreperson of the Grand Jury

_____
David P. Fornshell
Prosecuting Attorney
Warren County, Ohio
(0071582)

**The State of Ohio, Warren County.**

I, the undersigned, Clerk of the Court of Common Pleas in and for said County, do hereby certify that the foregoing is a full, true and correct copy of the original indictment, with the endorsements thereon, now on file in my office.

WITNESS my hand and the seal of said Court, at Warren County, Ohio on this ___ day of _____OCT_____, 2023

_____
James L. Spaeth, Warren County Clerk of Courts

_____
By: Deputy Clerk

**Page 3 of 3**

**eFiled Date: 11/03/2023 09:34 AM  James L. Spaeth, Warren County Clerk of Courts**

### STATE OF OHIO, WARREN COUNTY
### COMMON PLEAS COURT

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 23CR41075** |
| Plaintiff, | |
| vs. | **ARRAIGNMENT ENTRY** |
| RAHEEM ABDUL-QAWI | |
| Defendant. | |

INDICTMENT FOR:   §2913.51(A), 2913.51(C): Receiving Stolen Property F5  | §2913.21(B)(2), 2913.21(D)(3): Misuse of Credit Cards F5

On this day the Defendant in the above styled case appeared in open Court in his/her own proper person, and having heretofore been served with a copy of the Indictment, waived a further reading thereof.  Being fully apprised of the offense(s) with which he/she is charged, supra, the Defendant entered a plea of NOT GUILTY to all the offense(s) as charged in the Indictment.

It is ORDERED AND DECREED by the court that the Defendant give bond in the amount of _____   OR _____  ☐ Posted, ☐ 10%, ☐ cash, ☐ surety, ☐ property (located in Warren County), or ☐ other _____  ☒ w/ PTS, ☐ EMHA, and ☒ No Contact Order, to insure Defendant's appearance before this Court for trial at a later date.  Upon failure to give said bond, the Defendant is to be placed in the custody of the Sheriff of Warren County, Ohio, who shall safely keep the Defendant until the final disposition of this case, or until the Defendant furnishes the bond as heretofore specified.

The clerk is hereby directed to serve a copy of the Entry upon the Warren County Sheriff's Office.

_____
J̶u̶d̶g̶e̶/Magistrate
Warren County Common Pleas Court

David P. Fornshell
Prosecuting Attorney
Warren County, Ohio

_____
Assistant Prosecuting Attorney

Nathan Elter-appointed
Attorney for Defendant

### DIRECTIONS TO THE WARREN COUNTY SHERIFF:

☐ Recall warrant on the above case.  Warrant issued on _____.

☐ Defendant is in custody at _____ and bond has not been posted, please place a holder.  A warrant to convey will be issued.

**cc: Warren County Sheriff's Office**

COMMON PLEAS COURT
WARREN COUNTY, OHIO
**F I L E D**

**NOV − 3 2023**

*James L. Spaeth*
Clerk of Courts  Warren County Ohio

## STATE OF OHIO, WARREN COUNTY
## COMMON PLEAS COURT

State of Ohio,
        Plaintiff,

Case No. 23CR41075

vs.

**NO CONTACT ORDER**

RAHEEM ABDUL-QAWI,
        Defendant.

This matter came on before the Court on the __3rd__ day of __November__, __2023__.
The Court finds that the safety and protection of:
Courtney Robinson

may be impaired should there be a contact from the defendant. Therefore, the following orders,
are a condition of release in addition to any bail set under Criminal Rule 46 and all orders apply;

1.   **DEFENDANT SHALL NOT ABUSE ABOVE NAMED VICTIM(S)** in this order or
their household members by harming, attempting to harm, threatening, molesting,
following, stalking, bothering, harassing, annoying, contacting, or forcing sexual
relations upon them.

2.   **DEFENDANT SHALL REFRAIN FROM ENTERING** the buildings, grounds, and
parking lots of the residences, schools, businesses, and places of employment of the
victim(s) named in this order or their household members.

3.   **DEFENDANT SHALL STAY AWAY FROM THE VICTIM(S)** named in this order
or their household members. Defendant shall not be present within 500 feet of them in
any public or private place. Defendant must depart immediately.

4.   **DEFENDANT SHALL NOT INITIATE ANY CONTACT WITH THE VICTIM(S)**
named in this order or their household members. This includes, but is not limited to:
telephone, fax, e-mail, and voice mail contact with party or parties residences, schools,
businesses, and places of employment.

5.   **DEFENDANT SHALL NOT CAUSE OR ENCOURAGE ANY OTHER PERSON**
to do any act prohibited in Paragraphs 1 through 4 above.

6.   **DEFENDANT SHALL NOT POSSESS, USE, CARRY, OR OBTAIN ANY**

Filed in Warren County on 11/03/2023 10:52:25 AM

## STATE OF OHIO, WARREN COUNTY
## COMMON PLEAS COURT
## CRIMINAL DIVISION

| | |
|---|---|
| **STATE OF OHIO,** | : **CASE NO: 23CR41075** |
| **Plaintiff,** | : |
| | : **JUDGE ROBERT W. PEELER** |
| | : |
| **v.** | : |
| | : |
| **RAHEEM ABDUL - QAWI ,** | : **ORDER REVOKING BOND** |
| | : |
| **Defendant.** | : |
| | : |

The Court finds the Defendant has failed to comply with the terms and conditions of pretrial release. The Defendant has violated the terms of bond, to wit: testing positive for illegal substance.

It is **ORDERED** that the bond in the above-captioned case be revoked and the Defendant be held in the Warren County Jail, without bail, pending further order of the Court.

**SO ORDERED.**

_Robert W Peeler_

**JUDGE ROBERT W. PEELER**
**Warren County Common Pleas Court**

# Offender Drug Test History

Name: <u>Raheem Abdul-Qawi</u>                    Case #: <u>23CR41051</u>

| Date of Test | Outcome | Drugs Found |
|---|---|---|
| 11/3/2023 | Positive - Deny | Fentanyl |

**OHIO UNIFORM INCIDENT REPORT**

AGENCY NAME: MONROE PD

CALL NUMBER: 23-017717  
*GEOCODE: 33

*INCIDENT NUMBER: 23-017717

TOD: 10:59  
TOA: 11:17  
TOC: 11:18

☐ INCIDENT  
■ OFFENSE  
☐ SUPPLEMENT

**ADMINISTRATIVE**

*CLEARANCES

A ☐ Death of Suspect  
B ☐ Prosecution Declined  
C ☐ In Custody of Other Jurisd.  
D ☐ Victim Refused to Coop.  
E ☐ Juvenile/No Custody  
F ☐ Arrest - Adult  
G ☐ Arrest – Juvenile  
H ☐ Warrant Issued  
I ■ Invest. Pending  
J ☐ Closed  
K ☐ Unfounded  
U ☐ Unknown

*CLEARANCE DATE:  
CLEARED BY:

| MONTH | *REPORT DATE/TIME DAY | YEAR | TIME | MONTH | *INCIDENT OCCURRED FROM DAY | YEAR | TIME | MONTH | *INCIDENT OCCURRED TO DAY | YEAR | TIME |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 08 | 15 | 2023 | 10:56 | 08 | 11 | 2023 | 17:17 | 08 | 11 | 2023 | 20:15 |

INCIDENT LOCATION (Street, Apt., City, State, Zip)  
400 PREMIUM OUTLET MONROE, OH 45050

**OFFENSE**

| *OFFENSE | *OFFENSE CODE | *A/C | F/M & DEGREE | *HATE/BIAS | *LARCENY | *TYPE CRIMINAL ACTIVITY (Enter up to three for each offense) |
|---|---|---|---|---|---|---|
| 1. THEFT_WITHOUT_CONSENT | 2913.02A1 | C | F | N | 23H | 1.___ 2.___ 3.___ |
| 2. | 2. | | | | | 1.___ 2.___ 3.___ |
| 3. | 3. | | | | | 1.___ 2.___ 3.___ |
| 4. | 4. | | | | | 1.___ 2.___ 3.___ |
| 5. | 5. | | | | | 1.___ 2.___ 3.___ |

B- BUYING/RECEIVING  
C- CULTIVATING/MFG./PUB.  
D- DISTRIBUTING/SELLING  
E- EXPLOITING CHILDREN  
O- OPER/PROPTING/ASSIST.  
P- POSSESSING/CONCEALING  
T- TRANSPT/TRANSMITTING  
U- USING/CONSUMING  
G- OTHER GANG ACTIVITY  
J- JUVENILE GANG ACTIVITY  
N- NO GANG ACTIVITY

*LOCATION OF OFFENSE (Enter up to two)  
1. ___35___  2. ___

RESIDENTIAL STRUCTURE  
01 Single Family Home  
02 Multiple Dwelling  
03 Residential Facility  
04 Other Residential  
05 Garage/Shed

PUBLIC ACCESS BLDGS.  
06 Transit Facility  
07 Government Office  
08 School  
09 College  
10 Library  
11 Hospital

12 Jail/Prison  
13 Parking Garage  
14 Other Public Access Buildings

COMMERCIAL LOCATIONS  
15 Auto Shop  
16 Financial Institution  
17 Barber/Beauty Shop  
18 Hotel/Motel  
19 Dry Cleaners/Laundry  
20 Professional Office  
21 Doctor's Office  
22 Other Business Office  
23 Recreation/Entertainment Center  
24 Amusement Park  
25 Other Commercial Service Loc.  
56 ATM Machine Separate from Bank

59 Daycare Facility

RETAIL  
26 Bar  
27 Buy/Sell/Trade Shop  
28 Restaurant  
29 Gas Station  
30 Auto Sales Lot  
31 Jewelry Store  
32 Clothing Store  
33 Drugstore  
34 Liquor Store  
35 Shopping Mall  
36 Sporting Goods  
37 Grocery/Supermarket  
38 Variety/Convenience  
39 Department Store

40 Other Retail Store  
41 Factory/Mill/Plant  
42 Other Building

OUTSIDE  
43 Yard  
44 Construction Site  
45 Lake/Waterway  
46 Field/Woods  
47 Street  
48 Parking Lot  
49 Park/Playground  
50 Cemetery  
51 Public Transit Vehicle  
52 Other Outside Location  
57 Camp/Campground  
58 Rest Area

OTHER  
53 Abandoned/ Condemned Structure  
55 Arena/Stadium/ Fairgrounds/Coliseum  
58 Cargo Container  
60 Dock/Wharf/Freight/ Modal Terminal  
61 Farm Facility  
62 Gambling Facility/ Casino/Race Track  
63 Military Installation  
65 Shelter-Mission/ Homeless  
66 Tribal Lands  
77 Other

*SUSPECTED OF USING  
A ☐ ALCOHOL  
D ☐ DRUGS  
C ☐ COMPUTER EQUIPMENT  
N ■ NOT APPLICABLE

*TYPE WEAPON/FORCE USED  
1. 99  2. ___  3. ___

| *METHOD OF ENTRY | *METHOD OF ENTRY – MOTOR VEHICLE THEFT | *METHOD OF ENTRY – BURGLARY/B&E |
|---|---|---|

*METHOD OF ENTRY  
1 ☐ FORCE  
2 ☐ NO FORCE

*NO. PREMISES ENTERED

*METHOD OF ENTRY – MOTOR VEHICLE THEFT  
01 ☐ Motor Running/Keys in Car  
02 ☐ Unlocked  
03 ☐ Duplicate Key Used  
04 ☐ Window Broken  
05 ☐ Towed  
06 ☐ Hot Wire  
07 ☐ Slim-Jim/Coat Hanger  
08 ☐ Tumblers Removed  
09 ☐ Column Peeled  
10 ☐ Ignition Peeled

ENTRY EXIT  
1 ☐ BASEMENT ☐  
2 ☐ 1ST FLOOR ☐  
3 ☐ 2ND FLOOR ☐  
4 ☐ OTHER ☐

*METHOD OF ENTRY – BURGLARY/B&E  
ENTRY EXIT  
1 ☐ DOOR ☐  
2 ☐ WINDOW ☐  
3 ☐ GARAGE ☐  
4 ☐ SKYLIGHT ☐  
5 ☐ OTHER ☐

ENTRY EXIT  
1 ☐ FRONT ☐  
2 ☐ SIDE ☐  
3 ☐ REAR ☐  
4 ☐ ROOF ☐  
5 ☐ OTHER ☐

METHODS OF OPERATION:

*CARGO THEFT Y ☐ N ☐

**VICTIM**

| *NO. | *TOTAL VICTIMS 1 | *VICTIM TYPE | ■ INDIVIDUAL | F ☐ FINANCIAL INSTITUTION | P ☐ POLICE OFFICER (IN THE LINE OF DUTY) | S ☐ SOCIETY | O ☐ OTHER |
|---|---|---|---|---|---|---|---|
| 1 | | | B ☐ BUSINESS | G ☐ GOVERNMENT | R ☐ RELIGIOUS ORGANIZATION | U ☐ UNKNOWN | |

NAME (Last, First, Middle)  
ROBINSON, COURTNEY, J

ADDRESS (Street, Apt., City, State, Zip)  
3388 GADWALL FRANKLIN, OH 45005  
PHONE (937) 321-5426

EMPLOYER NAME AND ADDRESS (Street, Apt., City, State, Zip)  
PHONE

| *AGE/ D.O.B. 32 03/08/1991 | *SEX F | *RACE ☐ W ■ B ☐ I ☐ A ☐ U | ETHNICITY N | HGT 504 | WGT 129 | HAIR BRO | EYES BRO |
|---|---|---|---|---|---|---|---|

OCCUPATION  
SSN XXX-XX-7632  
*RESIDENT STATUS 1 ☐ RESIDENT 2 ☐ TOURIST 3 ☐ MILITARY 4 ☐ STUDENT 5 ☐ OTHER U ■ UNKNOWN

*VICTIM INJURED? ☐ Y ☐ N  IF INJURED, DESCRIBE INJURIES: None

*AGG. ASSAULT/ HOMICIDE CIRC.  
*LEOKA INFORMATION TYPE OF ACT. ASSIGN. TYPE ORI - OTHER 0 UU  
*VICTIM/SUSPECT RELATIONSHIP 1.___ 2.___ 3.___ 4.___ 5.___  
*VICTIM/OFFENSE LINK 2913.02A1

My signature verifies that the information on this report is accurate and true  
DATE_____

REPORTING OFFICER: PO. P. Fields  
BADGE NO. 878  
DATE 08/15/2023

APPROVING OFFICER: Sgt. J. Robertson  
BADGE NO. 820  
DATE 08/21/2023

FOLLOW UP ☐ Y ☐ N  If yes, follow-up Assignment:

ADDITIONAL SUPPLEMENTS ☐ VICTIM/WITNESS ☐ SUSPECT/ARRESTEE ☐ PROPERTY ☐ NARRATIVE ☐ STATEMENTS ☐ OTHER FORM RECEIVED BY: ☐ INVESTIGATION ☐ INTELLIGENCE ☐ RECORDS SPECIAL COPIES

INCIDENT NUMBER 23-017717

# INCIDENT REPORT – PART 2

| INCIDENT NUMBER | 23-017717 |
|---|---|

| VICTIM | OFFENSE |
|---|---|
| ROBINSON, COURTNEY, J | THEFT WITHOUT CONSENT |

| INCIDENT DATE AND TIME | 08/11/2023   17:17 |
|---|---|

## REPORTER

| NO. | NAME (Last, First, Middle) | | AGE/ D.O.B. | SSN |
|---|---|---|---|---|
| 1 | ROBINSON, COURTNEY, J | | 32   03/08/1991 | XXX-XX-7632 |

| ADDRESS (Street, Apt., City, State, Zip) | PHONE |
|---|---|
| 3388 GADWALL   FRANKLIN, OH 45005 | (937) 321-5426 |

| EMPLOYER NAME AND ADDRESS (Street, Apt., City, State, Zip) | PHONE |
|---|---|
| | |

| STATEMENTS OBTAINED | ☐ Y  ☐ N  TYPE: ☐ WRITTEN  ■ ORAL  ☐ TAPED  ☐ OTHER |
|---|---|

| CHECK CATEGORIES | ☐ STOLEN  ☐ RECOVERED  ☐ IMPOUNDED  ☐ RECEIVED  ☐ SUSPECT'S VEHICLE  ☐ VICTIM'S VEHICLE  ☐ UNAUTHORIZED USE  ☐ ABANDONED |
|---|---|

## VEHICLE

| NO. | ☐ DAMAGE TO VEHICLE  ☐ THEFT FROM VEHICLE | LIC | LIS | LIY | LIT | VIN/OAN | | *VALUE $0.00 |
|---|---|---|---|---|---|---|---|---|
| VYR | VMA | | VMO | VST | | VCO TOP BOTTOM | VEHICLE LOCKED ☐Y ☐N | KEYS IN VEHICLE ☐Y ☐N | HOLD VEHICLE ☐Y ☐N | RELEASE CONTENTS ☐Y ☐N |

| VEHICLE ASSOC. W/ SUSPECT NO | VEHICLE ASSOC. W/ VICTIM NO | VEHICLE TOWED? ☐Y ☐N | TOWED BY | OWNERSHIP VERIFIED BY: | ☐ TAG RECEIPT  ☐ BILL OF SALE | ☐ TITLE  ☐ OTHER |
|---|---|---|---|---|---|---|

| STOLEN MOTOR VEHICLE ONLY | NO. STOLEN | AREA STOLEN  ☐ BUSINESS  ☐ RESID  ☐ RURAL | ADDITIONAL DESCRIPTION |
|---|---|---|---|

| AUTO INSURER NAME (Company) | ADDRESS (Street, Apt., City, State, Zip) | PHONE |
|---|---|---|

| MOTOR VEHICLE RECOVERY ONLY | NO. RECOVERED | DATE REC | STOLEN IN YOUR JURISDICTION ☐Y ☐N WHERE RECOVERED? |
|---|---|---|---|

## PROPERTY

| *TYPE PROPERTY LOSS/ETC. (enter codes below) | 1 NONE  2 BURNED  3 COUNTERFEITED/FORGED  4 DESTROYED/DAMAGED/VANDALIZED  5 STOLEN/ETC.  6 SEIZED  7 RECOVERED  U UNKNOWN  P PHOTO  E EVIDENCE | TOTAL VALUE $1,078.52 |
|---|---|---|

| *LOSS CODE 5 | QUANTITY 1.00 XX | DESCRIPTION PNC DEBIT CARD | *PROP CODE 2 | *VALUE $0.00 |
|---|---|---|---|---|
| VICT. NO. 1 | VEH NO | MAKE/BRAND | MODEL | DATE RECOVERED |
| | SERIAL NUMBER | NCIC NUMBER | OTHER NUMBER | |

| *LOSS CODE 5 | QUANTITY 1.00 XX | DESCRIPTION ADVANCED AUTO STORE 57 | *PROP CODE2 | *VALUE $73.65 |
|---|---|---|---|---|
| VICT. NO. 1 | VEH NO | MAKE/BRAND | MODEL | DATE RECOVERED |
| | SERIAL NUMBER | NCIC NUMBER | OTHER NUMBER | |

| *LOSS CODE | QUANTITY 1.00 XX | DESCRIPTION SUPER WALMART STORE 1407 | *PROP CODE2 | *VALUE $174.39 |
|---|---|---|---|---|
| VICT. NO. | VEH NO | MAKE/BRAND | MODEL | DATE RECOVERED |
| | SERIAL NUMBER | NCIC NUMBER | OTHER NUMBER | |

| *LOSS CODE | QUANTITY 1.00 XX | DESCRIPTION O'REILLY'S AUTO STORE 55 | *PROP CODE2 | *VALUE $135.54 |
|---|---|---|---|---|
| VICT. NO. 1 | VEH NO | MAKE/BRAND | MODEL | DATE RECOVERED |
| | SERIAL NUMBER | NCIC NUMBER | OTHER NUMBER | |

### PROPERTY CODES:

EXCHANGE MEDIUMS
01 Money
02 Credit/Debit Card
03 Negotiable Instruments
04 Other Exchange Mediums
DOCUMENTS
05 Non-Negotiable Instruments
06 Personal (Identity) Papers
62 Documents Personal or Business
07 Other Documents
VALUABLES
08 Jewelry/Precious Metals
09 Art Objects, Antiques

10 Other Valuables
PERSONAL EFFECTS
11 Clothing/Furs
12 Purses/Handbags/Wallets
13 Other Personal Effects
HOUSEHOLD ITEMS
14 Household Items
EQUIPMENT
15 Drug/Narcotic Equip.
16 Gambling Equipment
17 Computer Hardware/Soft.
18 Office Equipment
19 Stereo TV Equip.
20 Recordings-Audio Visual
21 Sports Equipment

22 Photographic Equipment
23 Farm Equipment
24 Heavy Construction/Industrial
25 Building Supplies-Const.
26 Tools
27 Vehicle Parts/Accessories
57 Aircraft Parts/Accessories
28 School Supplies
58 Artistic Supplies/Accessories
59 Camping/Hunting/Fishing Equipment/Supplies
67 Law Enforcement Equip.
68 Lawn/Yard/Garden Equip.
69 Logging Equipment
70 Medical/Medical Lab Equip.

72 Musical Instruments
73 Portable Electronic Equip.
74 Watercraft Equip./Parts/Acc.
29 Other Equipment
CONSUMABLE ITEMS
30 Alcohol
31 Drugs/Narcotics
32 Consumable Goods
60 Chemicals
61 Crops
63 Explosives
65 Fuel
ANIMALS
33 Livestock
34 Household Pets

VEHICLES
35 Aircraft
36 Automobiles
37 Bicycles
38 Buses
39 Trucks
40 Trailers
41 Watercraft
42 Recreational Vehicle
43 Other Motor Vehicle
WEAPONS
44 Firearms
45 Other Weapons
64 Firearm Accessories

STRUCTURES
46 Single Occupancy
47 Other Dwellings
48 Commercial/Business
49 Industrial/Manufacturing
50 Public/Community
51 Storage
52 Other Structure
OTHER
53 Merchandise
54 Other Property
55 Pending Inventory
66 Identity-Intangible
71 Metals, Non-Precious

## NARRATIVE

On the listed date and time, I took a phone report for a stolen or lost debit card. The victim, Courtney Robinson stated while shopping at the outlets on 08/11/2023 around 17:17hrs she noticed her debit card was missing. Courtney stated she is unsure if the card was stolen or she dropped it. Courtney's bank began to text her about possible fraudulent charges on her account. Courtney checked her mobile banking and noticed multiple charges from Walmart, O'Reilly's, Speedway, Lowes, and Advanced Auto. These charges were made to her card between 17:46hrs and 20:15hrs on 08/11/23. Courtney then blocked the card and filed a report with PNC Bank (Report #223227119391). The various charges and amounts totaling up to $1,138.52, will be listed in this report.

This incident occurred in the City of Monroe, Warren County, Ohio.

Respectfully,
P.O. P. Fields 878
Monroe Police Department

6/2011

## NARRATIVE SUPPLEMENT

| | INCIDENT NUMBER | 23-017717 |
|---|---|---|

| VICTIM | OFFENSE | INCIDENT DATE AND TIME | |
|---|---|---|---|
| ROBINSON, COURTNEY, J | THEFT WITHOUT CONSENT | 08/11/2023 | 17:17 |

Message left for victim 8/21/23

Video was retrieved from Walmart in Lebanon and Evendale which shows the same suspects making the purchases in question. They are observed leaving in a late model blue SUV which returned a hit on Flock to Raheem Abdul in the area of the Walmart in Evendale 2 minutes before pulling into the parking lot. They are described as a male Mid thirties to forties with extensive tattoos on his arms and chest. He appears to be either Hispanic or Middle Eastern with a beard and unknown hair style. The second suspect is a mid thirties to forties female, white, heavy set with glasses and brown or auburn hair.

Walmart provided a copy of the receipts from their purchase and shows they purchased jump starters, windshield wipers, cat toys, batteries, a lamp, microwave, cat food, a tv and items I can not determine by the receipt.

I was able to find a BMV photo of Raheem and it does appear to be the same individual in question.

I was able to Accurint Mr. Abdul which showed an address in Lexington, at that same address is listed a female Amanda Mulligan who through her BMV picture and physical descriptors does appear to be the female in the video.

Amanda Mulligans Facebook was found which shows images of both suspects further confirming their identities.

Charges will be filed through Area 2 for felony theft and misuse of credit cards.

| REASON CLEARED | A ☐ DEATH OF OFFENDER | D ☐ VICTIM REFUSED TO COOP. | G ☐ ARREST – JUVENILE | J ☐ CLOSED | DATE CLEARED | |
|---|---|---|---|---|---|---|
| | B ☐ PROSECUTION DECLINED | E ☐ JUVENILE/NO CUSTODY | H ☐ WARRANT ISSUED | K ☐ UNFOUNDED | | |
| | C ☐ EXTRADITION DENIED | F ☐ ARREST – ADULT | I ☐ INVEST. PENDING | U ☐ UNKNOWN | | |

| REPORTING OFFICER | | BADGE NO. | DATE |
|---|---|---|---|
| Det. M. Parker | | 853 | 08/21/2023 |

| APPROVING OFFICER | | BADGE NO. | DATE |
|---|---|---|---|
| | | | |

| DESCRIPTION | | TRAN TYPE | TRAN AMT | AMT INCLUDED | BALANCE |
|---|---|---|---|---|---|
| 08/11/2023 17:46:42 | ADVANCE AUTO PARTS #57 VIS 0811 LEBANON OH | Debit | 73.65 | 73.65 | |
| 08/11/2023 18:07:43 | WM SUPERCENTER #1407 VIS 0811 LEBANON OH | Debit | 174.39 | 174.39 | |
| 08/11/2023 18:29:30 | O'REILLY AUTO PARTS 55 VIS 0811 LEBANON OH | Debit | 135.54 | 135.54 | |
| 08/11/2023 18:37:55 | SPEEDWAY 08626 LEBANON VIS 0811 LEBANON OH | Debit | 64.67 | 64.67 | |
| 08/11/2023 19:15:34 | LOWES #02853* VIS 0811 SOUTH LEBAN OH | Debit | 139.86 | 139.86 | |
| 08/11/2023 20:14:13 | WAL-MART #3749 VIS 0811 CINCINNATI OH | Debit | 372.91 | 372.91 | |
| 08/11/2023 20:15:23 | WM SUPERCENTER #3749 VIS 0811 CINCINNATI OH | Debit | 117.50 | 117.50 | |

DATE: 8/21/23
Settler's Walk
ABA-041000124
070-243-1

Shabeno
Teller Lead

*Evendale Store*

```
ST# 3749 OP# 00005775 TE# 15 TR# 08338

JUMP STARTER 081463201395S      109.00 AD
VOIDED SERIAL #
                      SUBTOTAL    109.00


443044******4452      I
EXPIRATION DATE 2603
APPROVAL # 844338
AMOUNT AUTHORIZED IS       117.50
CAMT 000000011750
US DEBIT
AID A0000000980840
ICC 0840  en
TVR 8080088000  CVMR 1F0002  ARC Z3
AAC 955960917ABF4EB8
ATC 00FD UP# 06CE98CC TSI 6800
TERMINAL # SC010606
*NO SIGNATURE REQUIRED
CREDIT CARD STATUS IS APPROVED
US DEBIT       **** **** **** 4452 I 2
APPROVAL # 844338
REF # 1042000314
       08/11/23      20:15:26
ACCOUNT NUMBER: 4452
BIN 443044
       SALES TAX  1         8.50
                   TOTAL    117.50
               VISA TEND    117.50
               CHANGE DUE     0.00


        ***SURVEY OFFERED***

   TC# 1454 1353 5341 2509 7756 6
       08/11/23      20:15:28
```

```
ST# 3749 OP# 00005775 TE# 15 TR# 08337

RX LAT WR22  007911810081S    18.44 AD
RX LAT WR22  007911810081S    18.44 AD
TEMPT JBO 14 002310012446S     8.48 AD
CAT TOY      068113140714S     6.12 AD
PRODUCT SERIAL #    NC22292N140114
20V 1/2      081002239403S   119.00 AD
VOIDED SERIAL #   NC22292N140114
PRODUCT SERIAL #    NC22093N180328
20V BATT     081002239491S    79.00 AD
VOIDED SERIAL #    NC22093N180328
FLOOR LAMP   079891903771S     9.87 AD
MICROWAVE    019087300881S    55.00 AD
VOIDED SERIAL #
FRISKIE 32PK 005000045435S    24.58 AD
BLACK 12X48  006944595002S     7.00 AD
                   SUBTOTAL  345.93
        CUSTOMER CANCELLED BANKCARD

443044******4452      I
EXPIRATION DATE 2603
APPROVAL # 421358
AMOUNT AUTHORIZED IS      372.91
CAMT 000000037291
US DEBIT
AID A0000000980840
ICC 0840 en
TVR 8080088000  CVMR 1F0002  ARC Z3
AAC E52C1F5C17DF4086
ATC 00FC UP# F3C8C6BB TSI 6800
TERMINAL # SC010606
*NO SIGNATURE REQUIRED
CREDIT CARD STATUS IS APPROVED
US DEBIT        **** **** **** 4452 I 2
APPROVAL # 421358
REF # 322400601892
       08/11/23    20:14:15
ACCOUNT NUMBER: 4452
BIN 443044
        SALES TAX  1        26.98
                    TOTAL   372.91
                VISA TEND   372.91
                CHANGE DUE    0.00


        ***SURVEY OFFERED***

    TC# 0901 9202 0274 8041 8302 9
       08/11/23    20:14:19
```

```
ST# 1407 OP# 00009050 TE# 50 TR# 01439

HISENSE 40    081913002590  S     148.0 AD
3YR SVC PLAN 084375518053  S      15.36 AD
BIN 443044
             SALES TAX  1           11.03
                        TOTAL      174.39
                    VISA TEND      174.39
                   CHANGE DUE        0.00
                     SUBTOTAL      163.36
***********4452
APPROVAL # 249549
AMOUNT AUTHORIZED IS 174.39
EXPIRATION DATE  03/26
CAMT 000000017439
AID A0000000980840
TVR 8000088000
CVMR 1F0002
ARC Z3
TC C7C34A2947F3EC33
ATC 00F7
UP C3346147
TSI 6800
*NO SIGNATURE REQUIRED
TERMINAL # 28521142
REF # 322300514445
UPC 0819130025900
UPC 0843755180530



         ***SURVEY OFFERED***
    TC# 7568 1868 4872 1659 6974 4
        08/11/23     18:07:51
```

# SUSPECT/ARREST SUPPLEMENT

| ARRESTING AGENCY | MONROE PD | INCIDENT NUMBER | 23-017717 |
|---|---|---|---|

| VICTIM | OFFENSE | INCIDENT DATE AND TIME | |
|---|---|---|---|
| ROBINSON, COURTNEY J | THEFT WITHOUT CONSENT | 08/11/2023 | 17:17 |

| NO. | ADULT | JUVENILE | UNKNOWN | CHECK APPROPRIATE CATEGORY | CHARGES FILED? |
|---|---|---|---|---|---|
| 1 | ■ | ☐ | ☐ | ☐ SUSPECT ☐ ARRESTEE ☐ SUSPECT/ARRESTEE ☐ RUNAWAY ☐ MISSING ☐ OTHER _____ | ■ Y ☐ N |

## NAME/DESCRIPTIVES

| NAME (Last, First, Middle) | | SSN |
|---|---|---|
| MULLIGAN, AMANDA LYNN | | XXX-XX-0792 |
| ALIAS | | GANG AFFILIATION |

| ADDRESS (Street, Apt., City, State, Zip) | PHONE |
|---|---|
| 2044 GEORGIAN D23 LEXINGTON, KY 40504 | |

| EMPLOYER NAME AND ADDRESS (Street, Apt., City, State, Zip) | PHONE |
|---|---|

| PLACE OF BIRTH | DL#/STATE | | OCCUPATION/SCHOOL |
|---|---|---|---|
| | M04156607 | KY | |

| *AGE/ D.O.B. 36 | 09/09/1986 | *SEX F | *RACE ■ W ☐ I ☐ U | ☐ B ☐ A ☐ N ETHNICITY | *HEIGHT 507 | *WEIGHT 220 | *HAIR BRO | *EYES BRO |
|---|---|---|---|---|---|---|---|---|

| MARITAL STATUS | SCARS, MARKS, TATOOS |
|---|---|

| ADDITIONAL DESCRIPTIVES |
|---|

| SUSPECTED OF USING ☐ ALCOHOL ☐ DRUGS | POTENTIAL INJURIES? |
|---|---|

| *RESIDENT STATUS | 1 ☐ RESIDENT | 2 ☐ TOURIST | 3 ☐ MILITARY | 4 ☐ STUDENT | 5 ☐ OTHER (explain) _____ | U ☐ UNKNOWN |
|---|---|---|---|---|---|---|

*ARRESTEE WAS ARMED WITH

ARRESTEE ARMED WITH   1. ____   2. ____   3. ____

| 99 | NONE | 13B | OTHER FULLY AUTOMATIC FIREARM | 16 | IMITATION FIREARM | 50 | POISON |
|---|---|---|---|---|---|---|---|
| 11 | F REARM | 14 | SHOTGUN | 17 | SIMULATED FIREARM | 60 | EXPLOSIVES |
| 12 | HANDGUN | 15 | OTHER FIREARM | 18 | BB/PELLET GUN | 65 | FIRE/INCENDIARY DEVICE |
| 12A | AUTOMATIC HANDGUN | 15A | SEMI-AUTOMATIC SPORTING RIFLE | 20 | KNIFE/CUTTING INSTRUMENT | 70 | DRUGS/NARC/SLEEPING PILLS |
| 13 | RIFLE | 15B | SEMI-AUTOMATIC ASSAULT FIREARM | 30 | BLUNT OBJECT | 80 | OTHER WEAPON |
| 13A | FULLY AUTOMATIC RIFLE | 15C | MACHINE PISTOL | | | | |

## ASSOC. PERSONS

| NAME | ADDRESS (Street, Apt., City, State, Zip) | | PHONE |
|---|---|---|---|
| 1 | 1 | | 1. |
| 2. | 2 | | 2 |

## ARREST INFORMATION

| ARREST/OFFENSE DESCRIPTION | *ARREST/OFFENSE CODE | F/M & DEGREE | WARRANT # | | *ARREST LARCENY TYPE |
|---|---|---|---|---|---|
| 1 | 1. | 1. | 1 | 1. | 23A POCKET PICKING |
| 2 | 2. | 2. | 2. | 2. | 23B PURSE SNATCHING |
| 3. | 3. | 3. | 3 | 3. | 23C SHOPLIFTING |
| 4 | 4. | 4. | 4. | 4. | 23D THEFT FROM BUILDING / 23E THEFT FROM COIN-OP MACH. |
| 5 | 5. | 5 | 5 | 5. | 23F THEFT FROM MOTOR VEHICLE / 23G MOTOR VEH. PARTS/ACCESS. / 240 THEFT OF MOTOR VEHICLE / 23H OTHER: _____ |

| *ARREST DATE | TIME | ARREST LOCATION (Street, Apt., City, State, Zip) |
|---|---|---|

| *INCIDENT TRACKING NUMBER | ARREST DISPOSITION | BAIL $0.00 |
|---|---|---|

| MIRANDA WITNESSED BY: | | TIME READ |
|---|---|---|

| FINGERPRINTED ☐ Y ☐ N | FINGERPRINT CARD NO. | PHOTOS TAKEN ☐ Y ☐ N | NO. TAKEN | PHOTO ID NO. | FBI/BCI# |
|---|---|---|---|---|---|

| *MULTIPLE ARRESTEE SEGMENTS INDICATOR ☐ COUNT ARRESTEE ☐ MULTIPLE ARRESTEE INDICATOR ☐ N/A | *ARREST TYPE | 1 ☐ COMPLAINT  2 ☐ IN-PROGRESS | 3 ☐ WARRANT  4 ☐ SUMMONS | 5 ☐ ORDER OF PROTECTION  9 ☐ OTHER |
|---|---|---|---|---|

## JUVENILE

| JUV. PARENT/ GDN. NOTIFIED ☐ Y ☐ N | DATE/TIME NOTIFIED | NOTIFIED BY | *JUVENILE DISPOSITION | ☐ HANDLED WITHIN THE DEPARTMENT ☐ REFERRED TO OTHER AUTHORITIES |
|---|---|---|---|---|

| PARENT/GUARDIAN NAME AND ADDRESS (Street, Apt., City, State, Zip) | RELATIONSHIP | PHONE |
|---|---|---|

| PARENT/GUARDIAN NAME AND ADDRESS (Street, Apt., City, State, Zip) | RELATIONSHIP | PHONE |
|---|---|---|

## RUNAWAYS/MISSING

| PREVIOUS RUN/MISS. ☐ Y ☐ N | DATE OF LAST CONTACT | DATE OF EMANCIPATION | NCIC # | DATE/TIME ENTERED |
|---|---|---|---|---|
| LAST SEEN WEARING | | | | |

| REPORTING OFFICER | BADGE NO. | DATE |
|---|---|---|
| Det. M. Parker | 853 | 08/23/2023 |
| APPROVING OFFICER | BADGE NO. | DATE |

| COURT | DATE |
|---|---|

11/2005

# PROPERTY SUPPLEMENT

| | |
|---|---|
| INCIDENT NUMBER | 23-017717 |

| VICTIM | OFFENSE | INCIDENT DATE AND TIME | |
|---|---|---|---|
| ROBINSON, COURTNEY, J | THEFT WITHOUT CONSENT | 08/11/2023 | 17:17 |

| *TYPE PROPERTY LOSS/ETC. (enter codes below) | 1 NONE 2 BURNED | 3 COUNTERFEITED/FORGED 4 DESTROYED/DAMAGED/VANDALIZED | 5 STOLEN/ETC. 6 SEIZED | 7 RECOVERED U UNKNOWN | P PHOTO E EVIDENCE | TOTAL VALUE $1,078.52 |
|---|---|---|---|---|---|---|

| *LOSS CODE 5 | QUANTITY 1.000 XX | DESCRIPTION SPEEDWAY STORE 08626 | | | | *PROP CODE 2 | *VALUE $64.67 |
|---|---|---|---|---|---|---|---|
| VICT. NO. 1 | VEH NO | MAKE/BRAND | | MODEL | | | DATE RECOVERED |
| | SERIAL NUMBER | | NCIC NUMBER | | OTHER NUMBER | | |

| *LOSS CODE 5 | QUANTITY 1.000 XX | DESCRIPTION LOWES STORE 2853 | | | | *PROP CODE 2 | *VALUE $139.86 |
|---|---|---|---|---|---|---|---|
| VICT. NO. 1 | VEH NO | MAKE/BRAND | | MODEL | | | DATE RECOVERED |
| | SERIAL NUMBER | | NCIC NUMBER | | OTHER NUMBER | | |

| *LOSS CODE 5 | QUANTITY 1.000 XX | DESCRIPTION SUPER WALMART STORE 3749 | | | | *PROP CODE 2 | *VALUE $490.41 |
|---|---|---|---|---|---|---|---|
| VICT. NO. 1 | VEH NO | MAKE/BRAND | | MODEL | | | DATE RECOVERED |
| | SERIAL NUMBER | | NCIC NUMBER | | OTHER NUMBER | | |

| *LOSS CODE | QUANTITY | DESCRIPTION | | | | *PROP CODE | *VALUE $0.00 |
|---|---|---|---|---|---|---|---|
| VICT. NO. | VEH NO | MAKE/BRAND | | MODEL | | | DATE RECOVERED |
| | SERIAL NUMBER | | NCIC NUMBER | | OTHER NUMBER | | |

| *LOSS CODE | QUANTITY | DESCRIPTION | | | | *PROP CODE | *VALUE $0.00 |
|---|---|---|---|---|---|---|---|
| VICT. NO. | VEH NO | MAKE/BRAND | | MODEL | | | DATE RECOVERED |
| | SERIAL NUMBER | | NCIC NUMBER | | OTHER NUMBER | | |

| *LOSS CODE | QUANTITY | DESCRIPTION | | | | *PROP CODE | *VALUE $0.00 |
|---|---|---|---|---|---|---|---|
| VICT. NO. | VEH NO | MAKE/BRAND | | MODEL | | | DATE RECOVERED |
| | SERIAL NUMBER | | NCIC NUMBER | | OTHER NUMBER | | |

| *LOSS CODE | QUANTITY | DESCRIPTION | | | | *PROP CODE | *VALUE $0.00 |
|---|---|---|---|---|---|---|---|
| VICT. NO. | VEH NO | MAKE/BRAND | | MODEL | | | DATE RECOVERED |
| | SERIAL NUMBER | | NCIC NUMBER | | OTHER NUMBER | | |

| *LOSS CODE | QUANTITY | DESCRIPTION | | | | *PROP CODE | *VALUE $0.00 |
|---|---|---|---|---|---|---|---|
| VICT. NO. | VEH NO | MAKE/BRAND | | MODEL | | | DATE RECOVERED |
| | SERIAL NUMBER | | NCIC NUMBER | | OTHER NUMBER | | |

| *LOSS CODE | QUANTITY | DESCRIPTION | | | | *PROP CODE | *VALUE $0.00 |
|---|---|---|---|---|---|---|---|
| VICT. NO. | VEH NO | MAKE/BRAND | | MODEL | | | DATE RECOVERED |
| | SERIAL NUMBER | | NCIC NUMBER | | OTHER NUMBER | | |

**PROPERTY CODES:**

| EXCHANGE MEDIUMS | 10 Other Valuables | 22 Photographic Equipment | 72 Musical Instruments | VEHICLES | STRUCTURES |
|---|---|---|---|---|---|
| 01 Money | PERSONAL EFFECTS | 23 Farm Equipment | 73 Portable Electronic Equip. | 35 Aircraft | 46 Single Occupancy |
| 02 Credit/Debit Card | 11 Clothing/Furs | 24 Heavy Construction/Industrial | 74 Watercraft Equip./Parts/Acc. | 36 Automobiles | 47 Other Dwellings |
| 03 Negotiable Instruments | 12 Purses/Handbags/Wallets | 25 Building Supplies-Const. | 29 Other Equipment | 37 Bicycles | 48 Commercial/Business |
| 04 Other Exchange Mediums | 13 Other Personal Effects | 26 Tools | CONSUMABLE ITEMS | 38 Buses | 49 Industrial/Manufacturing |
| DOCUMENTS | HOUSEHOLD ITEMS | 27 Vehicle Parts/Accessories | 30 Alcohol | 39 Trucks | 50 Public/Community |
| 05 Non-Negotiable Instruments | 14 Household Items | 57 Aircraft Parts/Accessories | 31 Drugs/Narcotics | 40 Trailers | 51 Storage |
| 06 Personal (Identity) Papers | EQUIPMENT | 28 School Supplies | 32 Consumable Goods | 41 Watercraft | 52 Other Structure |
| 62 Documents/Personal or Business | 15 Drug/Narcotic Equip. | 58 Artistic Supplies/Accessories | 60 Chemicals | 42 Recreational Vehicle | OTHER |
| 07 Other Documents | 16 Gambling Equipment | 59 Camping/Hunting/Fishing Equipment/Supplies | 61 Crops | 43 Other Motor Vehicle | 53 Merchandise |
| VALUABLES | 17 Computer Hardware/Soft. | 67 Law Enforcement Equip. | 63 Explosives | WEAPONS | 54 Other Property |
| 08 Jewelry/Precious Metals | 18 Office Equipment | 68 Lawn/Yard/Garden Equip. | 65 Fuel | 44 Firearms | 55 Pending Inventory |
| 09 Art Objects, Antiques | 19 Stereo TV Equip. | 69 Logging Equipment | ANIMALS | 45 Other Weapons | 66 Identity-Intangible |
| | 20 Recordings-Audio Visual | 70 Medical/Medical Lab Equip. | 33 Livestock | 64 Firearm Accessories | 71 Metals, Non-Precious |
| | 21 Sports Equipment | | 34 Household Pets | | |

| REPORTING OFFICER PO. P. Fields | BADGE NO. 878 | DATE 08/15/2023 |
|---|---|---|
| APPROVING OFFICER Sgt. J. Robertson | BADGE NO. 820 | DATE 08/21/2023 |

# SUSPECT/ARREST SUPPLEMENT

| ARRESTING AGENCY | MONROE PD | INCIDENT NUMBER | 23-017717 |
|---|---|---|---|

| VICTIM | OFFENSE | INCIDENT DATE AND TIME |
|---|---|---|
| ROBINSON, COURTNEY J | THEFT WITHOUT CONSENT | 08/11/2023    17:17 |

| NO. | ADULT | JUVENILE | UNKNOWN | CHECK APPROPRIATE CATEGORY | CHARGES FILED? |
|---|---|---|---|---|---|
| 1 | ☑ | ☐ | ☐ | ☐ SUSPECT  ☐ ARRESTEE  ☐ SUSPECT/ARRESTEE  ☐ RUNAWAY  ☐ MISSING  ☐ OTHER _____ | ☐ Y  ☑ N |

## NAME/DESCRIPTIVES

| NAME (Last, First, Middle) | SSN |
|---|---|
| ABDUL-QAWI, RAHEEM | XXX-XX-0702 |

| ALIAS | GANG AFFILIATION |
|---|---|
| | |

| ADDRESS (Street, Apt., City, State, Zip) | PHONE |
|---|---|
| 2044 GEORGIAN D23 LEXINGTON, KY 40504 | |

| EMPLOYER NAME AND ADDRESS (Street, Apt., City, State, Zip) | PHONE |
|---|---|
| | |

| PLACE OF BIRTH | DL#/STATE | OCCUPATION/SCHOOL |
|---|---|---|
| | A01502261          KY | |

| AGE/ D.O.B. 46  08/06/1977 | SEX M | RACE ☑ W ☐ B ☐ A ☐ I ☐ U | ETHNICITY | HEIGHT | WEIGHT | HAIR BLK | EYES BRO |
|---|---|---|---|---|---|---|---|

| MARITAL STATUS | SCARS, MARKS, TATOOS |
|---|---|
| | |

ADDITIONAL DESCRIPTIVES

| SUSPECTED OF USING  ☐ ALCOHOL  ☐ DRUGS | POTENTIAL INJURIES? |
|---|---|

| RESIDENT STATUS | 1 ☐ RESIDENT | 2 ☐ TOURIST | 3 ☐ MILITARY | 4 ☐ STUDENT | 5 ☐ OTHER (explain) _____ | U ☐ UNKNOWN |
|---|---|---|---|---|---|---|

ARRESTEE WAS ARMED WITH

ARRESTEE ARMED WITH   1. ____   2. ____   3. ____

| 99 | NONE | 13B | OTHER FULLY AUTOMATIC FIREARM | 16 | IMITATION FIREARM | 50 | POISON |
|---|---|---|---|---|---|---|---|
| 11 | FIREARM | 14 | SHOTGUN | 17 | SIMULATED FIREARM | 60 | EXPLOSIVES |
| 12 | HANDGUN | 15 | OTHER FIREARM | 18 | BB/PELLET GUN | 65 | FIRE/INCENDIARY DEVICE |
| 12A | AUTOMATIC HANDGUN | 15A | SEMI-AUTOMATIC SPORTING RIFLE | 20 | KNIFE/CUTTING INSTRUMENT | 70 | DRUGS/NARC/SLEEPING PILLS |
| 13 | RIFLE | 15B | SEMI-AUTOMATIC ASSAULT FIREARM | 30 | BLUNT OBJECT | 80 | OTHER WEAPON |
| 13A | FULLY AUTOMATIC RIFLE | 15C | MACHINE PISTOL | | | | |

## ASSOC. PERSONS

| NAME | ADDRESS (Street, Apt., City, State, Zip) | PHONE |
|---|---|---|
| 1 | 1 | 1 |
| 2 | 2 | 2 |

## ARREST INFORMATION

| ARREST/OFFENSE DESCRIPTION | ARREST/OFFENSE CODE | F/M & DEGREE | WARRANT # | | ARREST LARCENY TYPE |
|---|---|---|---|---|---|
| 1 | 1. | 1. | 1 | 1. | 23A  POCKET PICKING |
| 2 | 2. | 2. | 2 | 2. | 23B  PURSE SNATCHING / 23C  SHOPLIFTING |
| 3 | 3. | 3. | 3 | 3. | 23D  THEFT FROM BUILDING / 23E  THEFT FROM COIN-OP MACH. |
| 4 | 4. | 4. | 4 | 4. | 23F  THEFT FROM MOTOR VEHICLE / 23G  MOTOR VEH. PARTS/ACCESS. |
| 5 | 5. | 5. | 5 | 5. | 240  THEFT OF MOTOR VEHICLE / 23H  OTHER: _____ |

| ARREST DATE | TIME | ARREST LOCATION (Street, Apt., City, State, Zip) |
|---|---|---|
| | | |

| INCIDENT TRACKING NUMBER | ARREST DISPOSITION | BAIL $0.00 |
|---|---|---|

| MIRANDA WITNESSED BY: | TIME READ |
|---|---|

| FINGERPRINTED ☐ Y ☐ N | FINGERPRINT CARD NO. | PHOTOS TAKEN ☐ Y ☐ N | NO. TAKEN | PHOTO ID NO. | FBI/BCI# |
|---|---|---|---|---|---|

| MULTIPLE ARRESTEE SEGMENTS INDICATOR  ☐ COUNT ARRESTEE  ☐ MULTIPLE ARRESTEE INDICATOR  ☐ N/A | ARREST TYPE | 1 ☐ COMPLAINT  2 ☐ IN-PROGRESS | 3 ☐ WARRANT  4 ☐ SUMMONS | 5 ☐ ORDER OF PROTECTION  9 ☐ OTHER |
|---|---|---|---|---|

## JUVENILE

| JUV. PARENT/ GDN. NOTIFIED ☐ Y ☐ N | DATE/TIME NOTIFIED | NOTIFIED BY | JUVENILE DISPOSITION | ☐ HANDLED WITHIN THE DEPARTMENT ☐ REFERRED TO OTHER AUTHORITIES |
|---|---|---|---|---|

| PARENT/GUARDIAN NAME AND ADDRESS (Street, Apt., City, State, Zip) | RELATIONSHIP | PHONE |
|---|---|---|

| PARENT/GUARDIAN NAME AND ADDRESS (Street, Apt., City, State, Zip) | RELATIONSHIP | PHONE |
|---|---|---|

## RUNAWAYS/MISSING

| PREVIOUS RUN/MISS. ☐ Y ☐ N | DATE OF LAST CONTACT | DATE OF EMANCIPATION | NCIC # | DATE/TIME ENTERED |
|---|---|---|---|---|

LAST SEEN WEARING

| REPORTING OFFICER | BADGE NO. | DATE |
|---|---|---|
| Det. M. Parker | 853 | 08/23/2023 |

| APPROVING OFFICER | BADGE NO. | DATE |
|---|---|---|
| | | |

| COURT | DATE |
|---|---|

11/2005

# U N I T E D   S T A T E S   D I S T R I C T   C O U R T
## EASTERN DISTRICT OF KENTUCKY
## PROBATION OFFICE

**Warren G. "Butch" Little, II**
**Chief U.S. Probation Officer**



Reply to:  Kristen B. O'Brien
Probation Officer
Community Trust Building
100 East Vine Street, Suite 600
Lexington, Kentucky  40507-1442
Phone:  (859) 469-7227
Fax:  (859) 233-2496
kristen_o'brien@kyep.uscourts.gov

**November 28, 2023**

### SUPERVISED RELEASE VIOLATION REPORT ADDENDUM

**NAME:  Raheem Sulaiman Abdul-Qawi**
**aka Keith E. Davis**

**DATE TSR BEGAN:    8/27/2021**

**DOCKET NO.:  5:17-CR-058-GFVT-01**

**DATE TSR EXPIRES:  8/26/2027**

**COURT:  Lexington**

**JUDGE:  Honorable Gregory F. Van Tatenhove**
**United States District Judge**
**(Originally:  Joseph M. Hood)**

Please reference the Supervised Release Violation Report submitted to Your Honor on November 8, 2023.

As referenced in Violation Number Two, laboratory results were received by Warren County, Ohio pretrial services on November 10, 2023.  The test was confirmed positive for Norfentanyl (see attachment), resulting in an additional violation as listed below.

**Violation #6:**

**Mandatory Condition #1:  You must not commit another federal, state or local crime.**

Norfentanyl is a Controlled Substance pursuant to the Controlled Substances Act.  Due to the Sixth Circuit Court of Appeals' finding that use is the equivalent of possession and with the defendant's prior drug conviction, simple possession of Norfentanyl constitute conduct that would result in a violation of 21 U.S.C. Section 844(a), a class E Felony, punishable by a term of imprisonment not to exceed two years. **This is a Grade B violation.**

**Guideline Estimate and Statutory Requirements**

The above listed violation impacts the previously reported guideline range.

**Honorable Gregory F. Van Tatenhove**
**U.S. District Judge**
**November 28, 2023**
**Page 2**

RE:   ABDUL-QAWI, Raheem Sulaiman aka Keith E. Davis
DKT: 5:17-CR-058-GFVT-01
<u>SUPERVISED RELEASE VIOLATION REPORT ADDENDUM</u>

Pursuant to U.S.S.G. §7B1.4(a), should the Court revoke the defendant's supervised release based on a **Grade B Violation** and a Criminal History Category of **V**, the recommended guideline range of imprisonment would be **<u>18 to 24 months</u>**.  Count One of the original offense is a **Class B felony**; therefore, the maximum authorized term of imprisonment upon revocation is **<u>36 months</u>** pursuant to 18 U.S.C. § 3583(e)(3).  Pursuant to 18 U.S.C. § 3583(h) and 21 U.S.C. §§ 841(b)(1)(C) and 851, the authorized reimposition of a term of supervised release is not less than six years, and not more than life.

## <u>Summary and Recommendation</u>

Should Your Honor require clarification or additional information, this officer will be available upon the Court's request.

Respectfully submitted,

Kristen B. O'Brien
Senior U.S. Probation Officer

Reviewed by:

Donte' L. Key
Supervisory U.S. Probation Officer

Enclosures



**Abbott**

Redwood Toxicology Laboratory, Inc
3850 Westwind Blvd., Santa Rosa, CA 95403
Phone 707-577-7959 // 800-255-2159 Fax: 707-577-0365
www.redwoodtoxicology.com

KOCDURSI
Laboratory Directors: Jasbir S. Arora, Ph.D.; Henry Tsai, M.D., Ph.D.
CLIA License # 05D0707588

**Identification:** 23CR41051 Raheem Abdul-Qawi

| | | | |
|---|---|---|---|
| **DOB:** | 08/06/1977 | **Account #:** | 12400 |
| **Sex:** | M | **Requisition #:** | 29005954 |
| **Collected by:** | Jim Watson | **Accession #:** | 231108-01065 |
| **Collected:** | 11/03/2023 07:03 AM | **Specimen Type:** | Urine |
| **Received:** | 11/08/2023 10:54 AM | | |
| **Reported:** | 11/10/2023 11:10 PM | | |

**Client:** Warren County Common Pleas - CIP
520 Justice Dr,

LEBANON, OH 45036-2361
Phone: (513)695-2881
Fax: (513)695-2884

| Summary | Tests Ordered |
|---|---|
| • Positive for the following drugs:<br>  • Norfentanyl (7.6 ng/mL) | • 5504 - Fentanyls LC-MS/MS<br>  Confirmation, Urine |

### Drug Tests

| Drug or Drug Class | Screen | | | Confirmation | | |
|---|---|---|---|---|---|---|
| | Method | Cutoff | Result | Method | Cutoff | Result |
| **Fentanyls** | | | | | | |
| Acetyl fentanyl | | — | — | LC/MS/MS | 0.5 ng/mL | Negative |
| Acryl fentanyl | | | | LC/MS/MS | 0.5 ng/mL | Negative |
| Butyryl fentanyl | | | — | LC/MS/MS | 0.5 ng/mL | Negative |
| Fentanyl | | | | LC/MS/MS | 0.5 ng/mL | Negative |
| Fluorofentanyl | | | | LC/MS/MS | 0.5 ng/mL | Negative |
| Furanyl fentanyl | | | | LC/MS/MS | 0.5 ng/mL | Negative |
| Isobutyryl fentanyl | | | | LC/MS/MS | 0.5 ng/mL | Negative |
| Methoxyacetyl fentanyl | | | | LC/MS/MS | 0.5 ng/mL | Negative |
| Norfentanyl | | | | LC/MS/MS | 0.5 ng/mL | Positive |
| Tetrahydrofuranyl fentanyl | | | | LC/MS/MS | 0.5 ng/mL | Negative |
| Valeryl fentanyl | | | | LC/MS/MS | 0.5 ng/mL | Negative |

**Comments:**

**Method Index**

EA - Enzyme Assay
EIA - Enzyme-Immunoassay
ELISA - Enzyme-Linked Immunosorbent Assay

GC-FID - Gas Chromatography - Flame Ionization Detector
GC/MS - Gas Chromatography / Mass Spectrometry
IA - Immunoassay
LC-MS/MS - Liquid Chromatography Tandem Mass Spectrometry

**Terminology Index**

Cutoff - The concentration level above which the presence of a drug or drug class in the sample will be reported as Presumptive Positive or Positive.
Presumptive Positive - Preliminary unconfirmed analytical result indicating presence of drug or drug class above the applicable Cutoff.
Negative - Analytical result indicating drug or drug class not detected above the applicable Cutoff.
Positive - Confirmatory analytical result indicating presence of drug or drug class above the applicable Cutoff.

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## PROBATION OFFICE

**Warren G. "Butch" Little, II**
**Chief U.S. Probation Officer**



United States Federal Courthouse
310 South Main Street, Room 248
London, Kentucky 40741
Office: (606) 877-7920
Fax: (606) 877-7925

**November 8, 2023**

### SUPERVISED RELEASE VIOLATION REPORT

**NAME: Raheem Sulaiman Abdul-Qawi**
              **aka Keith E. Davis**

**DATE TSR BEGAN:    8/27/2021**

**DOCKET NO.: 5:17-CR-058-GFVT-01**

**DATE TSR EXPIRES: 8/26/2027**

**COURT: Lexington**

**JUDGE: Honorable Gregory F. Van Tatenhove**
**United States District Judge**
**(Originally: Joseph M. Hood)**

On January 8, 2018, Raheem Sulaiman Abdul-Qawi (Abdul-Qawi) appeared before the Court for sentencing following a plea of guilty to a violation of 21 U.S.C. § 841(a)(1): Distribution of Carfentanil and 18 U.S.C. §922(g)(1): Felon in Possession of a Firearm. The defendant was sentenced to 57 months imprisonment, with a six-year term of supervised release to follow.

On August 27, 2021, Abdul-Qawi was released from the Bureau of Prisons to begin service of his six-year term of supervised release, which is scheduled to expire on August 26, 2027.

On October 1, 2022, Abdul-Qawi was referred to Windows of Discovery for outpatient substance abuse counseling, and has continued to voluntarily participate in weekly sessions, even after it was recommended that he successfully complete counseling.

The purpose of this correspondence is to report the following alleged violations of the defendant's conditions of supervised release.

### Violation Conduct

On November 2, 2023, the Warren County, Ohio Common Pleas Court Services contacted the Lexington probation office notifying that Abdul-Qawi had an arraignment scheduled for November 3, 2023 in case number 23-CR-41075. They further informed the probation office that on October 16, 2023, the Grand Jury of the state of Ohio returned a two-count indictment (attached) charging Abdul-Qawi with Receiving Stolen Property, in violation of Ohio Revised Code section 2913.51(A)and (C), Receiving Stolen Property, a felony of the fifth degree and Misuse of Credit Cards, in violation of Ohio Revised code section 2913.21(B)(2) and (D)(3), also a felony in the fifth degree. Furthermore, the cumulative retail value of the

Honorable Gregory F. Van Tatenhove
U.S. District Judge
November 8, 2023
Page 2

RE:   ABDUL-QAWI, Raheem Sulaiman aka Keith E. Davis
DKT: 5:17-CR-058-GFVT-01)
<u>SUPERVISED RELEASE VIOLATION REPORT</u>

property and services involved in one or more violations of division (B)(2), (3), or (4) of this section, which violations involve one or more credit card accounts and occur within a period of ninety consecutive days commencing on the date of the first violation, is one thousand dollars or more and is less than seven thousand five hundred dollars.

According to the Ohio Uniform Incident Report and Narrative Supplement (attached), on August 11, 2023, the Monroe County Police Department took a report for a stolen or lost debit card. The victim stated that while shopping on August 11, 2023, she noticed her debit card was missing. She was unsure if the card was stolen or if she had dropped it. Her bank began to text her about possible fraudulent charges on her account. She then checked her mobile banking and noticed multiple charges from Walmart, O'Reily's, Speedway, Lowes, and Advanced Auto. These charges were all made between 17:46 and 20:15 hours on August 11, 2023. The various charges totaled $1,138.52.

Video footage was retrieved from Walmart in Lebanon and Evendale, Ohio which shows a male meeting the description of Abdul-Qawi and a female named Amanda Mulligan making purchases without consent using a credit card that did not belong to either party. Walmart provided a copy of the receipts used from their purchases that shows they purchased jump starters, windshield wipers, cat toys, batteries, a lamp, microwave, cat food, a television, and other items that could not be determined by the receipt. This officer has been unable to determine if any police contact was made with Abdul-Qawi prior to this indictment being returned.

On November 3, 2023, Abdul-Qawi appeared in the State of Ohio, Warren County Common Pleas Court for an arraignment in case number 23-CR-41075. He entered a plea of not guilty to both counts of the above referenced indictment. He was released on an Own Recognizance bond with pretrial supervision. A No Contact Order (attached) was also issued at the time of the arraignment instructing Abdul-Qawi to have no contact with Courtney Robinson, the victim named in the case. Following the hearing, Abdul-Qawi was instructed to report to pretrial services for a urine drug test. He submitted a urine specimen that was positive for fentanyl on an instant test. Abdul-Qawi denied the use of fentanyl, and the test was sent to their laboratory for confirmation. Subsequently, Warren County Pleas Court Judge Robert W. Peeler was notified of the test result, found that Abdul-Qawi had violated the terms of his bond, and he was taken into custody. He is being held in the Warren County Jail, without bail, pending further order of their Court.

### <u>Violation #1:</u>

#### <u>Mandatory Condition #1:</u>  You must not commit another federal, state or local crime.

As referenced in the Violation Conduct above, Abdul-Qawi was indicted in the Warren County, Ohio Pleas Court on two counts of fifth degree felony charges. According to Ohio law, *fifth degree felony violations are among the least severe, requiring between 6 and 12 months of imprisonment, and up to a $2,500 fine. The court may impose an additional five years of community control. Examples of F-5 violations include breaking and entering and theft over an amount of $1,000.* **This is a Grade C Violation**.

**Honorable Gregory F. Van Tatenhove**
**U.S. District Judge**
**November 8, 2023**
**Page 3**

RE:   ABDUL-QAWI, Raheem Sulaiman aka Keith E. Davis
DKT: 5:17-CR-058-GFVT-01)
<u>SUPERVISED RELEASE VIOLATION REPORT</u>

## <u>Violation #2:</u>

> <u>**Mandatory Condition #3:**</u>  **You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.**

As reported in the Violation Conduct, Abdul-Qawi tested positively for fentanyl on an instant test cup administered by Warren County pretrial services following his arraignment in case 23-CR-41075.  Abdul-Qawi denied the use of fentanyl.  As of this writing, the results of this test have not been confirmed positive by their laboratory.  If the test is confirmed positive, the grade of this violation will be more severe.  **This is a Grade C Violation**.

## <u>Violation #3:</u>

> <u>**Standard Condition #3:**</u>  **You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.**

Upon learning of Abdul-Qawi's indictment in the state of Ohio, this officer contacted him to inquire about both the indictment and the fact that he was in allegedly in the Southern District of Ohio without permission.  He initially denied that he was in Ohio at all, but later called this officer and apologized for being dishonest and admitted that he was, in fact, in Ohio on August 11, 2023 with Amanda Mulligan. **This is a Grade C Violation.**

## <u>Violation #4:</u>

> <u>**Standard Condition #4:**</u>  **You must answer truthfully the questions asked by your probation officer.**

As referenced in Violation Number Three of this report, Abdul-Qawi was not truthful with this officer regarding his whereabouts on August 11, 2023.  He also denied being involved in any criminal activity, reporting that he went to meet "someone from the past" named Amanda Mulligan, who offered to buy him items for his vehicle.  **This is a Grade C Violation.**

## <u>Violation #5:</u>

> <u>**Standard Condition #8:**</u>  **You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.**

While at this time it is unclear as to the extent of Abdul-Qawi or Amanda Mulligan's involvement in the criminal activity alleged in the indictment referenced in the Violation Conduct section of this report, a criminal history background check was conducted on Ms. Mulligan, and revealed that she is a convicted felon (Possession of Controlled Substance, 1st Offense (Methamphetamine), Possession of Controlled Substance, 1st Offense (Opiates), Possession of Controlled Substance, 2nd Degree, Drug Unspecified,

Honorable Gregory F. Van Tatenhove
U.S. District Judge
November 8, 2023
Page 4

RE:   ABDUL-QAWI, Raheem Sulaiman aka Keith E. Davis
DKT: 5:17-CR-058-GFVT-01)
<u>SUPERVISED RELEASE VIOLATION REPORT</u>

Possession of Controlled Substance, 3rd Degree, Drug Unspecified (Fayette County, Kentucky Case 21-CR-0072).  Ms. Mulligan also had a Probation Violation for Felony Offense on January 24, 2022.  Abdul-Qawi did not have permission to associate with Ms. Mulligan.  **This is a Grade C Violation.**

## <u>Guideline Estimate and Statutory Requirements</u>

Pursuant to U.S.S.G. §7B1.4(a), should the Court revoke the defendant's supervised release based on a **Grade C Violation** and a Criminal History Category of **V**, the recommended guideline range of imprisonment would be **<u>7 to 13 months</u>**.  Count One of the original offense is a **Class B felony**; therefore, the maximum authorized term of imprisonment upon revocation is **<u>36 months</u>** pursuant to 18 U.S.C. § 3583(e)(3).  Pursuant to 18 U.S.C. § 3583(h) and 21 U.S.C. §§ 841(b)(1)(C) and 851, the authorized reimposition of a term of supervised release is not less than six years, and not more than life.

## <u>Summary and Recommendation</u>

Based on the above-referenced alleged violations of the defendant's conditions of supervised release, this officer respectfully requests the issuance of an arrest warrant, to be lodged as a detainer, so the defendant may be brought before the Court.

Should Your Honor require clarification or additional information, this officer will be available upon the Court's request.

Respectfully submitted,

Kristen B. O'Brien
Senior U.S. Probation Officer

Reviewed by:

Donte' L. Key
Supervisory U.S. Probation Officer

Enclosures

PROB 12C
(Rev. 6/22)

# UNITED STATES DISTRICT COURT

Eastern District of Kentucky
FILED

NOV 14 2023

for

AT FRANKFORT
Robert R. Carr
CLERK U.S. DISTRICT COURT

## EASTERN DISTRICT OF KENTUCKY

### Petition for Warrant or Summons for Person Under Supervision

Name of Offender: Raheem Sulaiman Abdul-Qawi          Case Number: 5:17-CR-058-GFVT-01
aka Keith E. Davis

Register/USM Number: 21580-032

Name of Sentencing Judicial Officer: Honorable Gregory F. Van Tatenhove, U.S. District Judge
(Originally: Joseph M. Hood)

Date of Original Sentence: January 8, 2018

Original Offense: Distribution of Carfentanil and Felon in Possession of a Firearm

Original Sentence: 57 months imprisonment, with 6 years of supervised release to follow

Type of Supervision: Supervised Release          Date Supervision Commenced: August 27, 2021

Assistant U.S. Attorney: Cynthia T. Rieker          Defense Attorney: Robert Michael Murphy

---

### PETITIONING THE COURT

☒ To issue a warrant

☐ To issue a summons

The probation officer believes that the person under supervision has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|
| 1 | Violation of federal, state, or local law |
| 2 | Use of a controlled substance |
| 3 | Travel outside the judicial district without permission |
| 4 | Failure to answer truthfully inquiries of the probation officer |
| 5 | Association with convicted felon without permission |

U.S. Probation Officer Recommendation:

☐ The term of supervision should be:

☐ revoked.

☐ extended for _____ years, for a total term of _____ years.

November 8, 2023
Page 2

RE: ABDUL-QAWI, Raheem Sulaiman aka Kieth E. Davis
Dkt. # 5:17-CR-058-GFVT-01
<u>PROB 12C</u>

☐ The conditions of supervision should be modified as follows:

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 8, 2023

*Kristen O'Brien*
Kristen B. O'Brien
Senior U.S. Probation Officer

---

THE COURT ORDERS:

☐ No action.

☑ The issuance of a warrant (Matter Sealed Pending Arrest).

☐ The issuance of a summons.

☑ Refer to presiding Magistrate Judge for hearing and preparation
   of a Report and Recommendation.

☑ Forward a copy of violation report to U.S. Attorney's Office.

☐ Other

_____
Signature of Judicial Officer

11-14-2023
_____
Date

COMMON PLEAS COURT
WARREN COUNTY,OHIO
FILED

2023 OCT 16 PM 8: 47

JAMES L. SPAETH
CLERK OF COURTS

## IN THE WARREN COUNTY COMMON PLEAS COURT, GENERAL DIVISION OF WARREN COUNTY, OHIO

**STATE OF OHIO**

     **Plaintiff**

   **VS.**

**RAHEEM ABDUL-QAWI**
**DOB: 8/6/1977**

     **Defendant.**

Case No. __23CR41075__

**INDICTMENT**

**September Term 2023**

## Count One - Receiving Stolen Property F5

*The Jurors of the Grand Jury of the State of Ohio, within and for the body of Warren County, on their oaths, in the name and by the authority of the State of Ohio, do find and present:*

Raheem Abdul-Qawi, on or about the 11th day of August, 2023, in the county of Warren aforesaid, did receive, retain, or dispose of the property of another, knowing or having reasonable cause to believe that the property had been obtained through commission of a theft offense and the property involved was any of the property listed in section 2913.71 of the Revised Code in violation of Ohio Revised Code §2913.51(A), 2913.51(C), **Receiving Stolen Property**, a felony of the fifth degree.

*The offense is contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio.*

Page 1 of 3

## <u>Count Two - Misuse of Credit Cards F5</u>

*The Grand Jurors do further find and present:*

Raheem Abdul-Qawi, on or about the 11th day of August, 2023, in the county of Warren aforesaid, did, with purpose to defraud, obtain property or services by the use of a credit card, in one or more transactions, knowing or having reasonable cause to believe that the card has expired or been revoked, or was obtained, is retained, or is being used in violation of law in violation of Ohio Revised Code §2913.21(B)(2), 2913.21(D)(3), **Misuse of Credit Cards**, a felony of the fifth degree.

FURTHERMORE, the cumulative retail value of the property and services involved in one or more violations of division (B)(2), (3), or (4) of this section, which violations involve one or more credit card accounts and occur within a period of ninety consecutive days commencing on the date of the first violation, is one thousand dollars or more and is less than seven thousand five hundred dollars.

*The offense is contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Ohio.*

Page 2 of 3

**IN THE WARREN COUNTY COMMON PLEAS COURT, GENERAL DIVISION OF WARREN COUNTY, OHIO**

CASE NO. _____          September Term 2023

**Raheem Abdul-Qawi**
2044 Georgian Way
D23
Lexington, KY 40504

DOB: 8/6/1977

Indictment for:

Count 1:     Receiving Stolen Property, O.R.C. §2913.51(A), 2913.51(C), F5
Count 2:     Misuse of Credit Cards, O.R.C. §2913.21(B)(2), 2913.21(D)(3), F5

**A TRUE BILL**

_____                    _____
Foreperson of the Grand Jury                    David P. Fornshell
                                                Prosecuting Attorney
                                                Warren County, Ohio
                                                (0071582)

**The State of Ohio, Warren County.**

I, the undersigned, Clerk of the Court of Common Pleas in and for said County, do hereby certify that the foregoing is a full, true and correct copy of the original indictment, with the endorsements thereon, now on file in my office.

WITNESS my hand and the seal of said Court, at Warren County, Ohio on this ___ day of _____OCT_____, 2023

_____
James L. Spaeth, Warren County Clerk of Courts

_____
By: Deputy Clerk

**Page 3 of 3**

**eFiled Date: 11/03/2023 09:34 AM  James L. Spaeth, Warren County Clerk of Courts**

STATE OF OHIO, WARREN COUNTY
COMMON PLEAS COURT

STATE OF OHIO,                                        CASE NO. 23CR41075

        Plaintiff,

vs.                                                  **ARRAIGNMENT ENTRY**

RAHEEM ABDUL-QAWI

        Defendant.

INDICTMENT FOR:   §2913.51(A), 2913.51(C): Receiving Stolen Property F5 | §2913.21(B)(2), 2913.21(D)(3): Misuse of Credit Cards F5

On this day the Defendant in the above styled case appeared in open Court in his/her own proper person, and having heretofore been served with a copy of the Indictment, waived a further reading thereof. Being fully apprised of the offense(s) with which he/she is charged, supra, the Defendant entered a plea of NOT GUILTY to all the offense(s) as charged in the Indictment.

It is ORDERED AND DECREED by the court that the Defendant give bond in the amount of _____ OR _____ ☐ Posted, ☐ 10%, ☐ cash, ☐ surety, ☐ property (located in Warren County), or ☐ other _____ ☒ w/ PTS, ☐ EMHA, and ☒ No Contact Order, to insure Defendant's appearance before this Court for trial at a later date. Upon failure to give said bond, the Defendant is to be placed in the custody of the Sheriff of Warren County, Ohio, who shall safely keep the Defendant until the final disposition of this case, or until the Defendant furnishes the bond as heretofore specified.

The clerk is hereby directed to serve a copy of the Entry upon the Warren County Sheriff's Office.

                                                      J~dge/Magistrate
                                                      Warren County Common Pleas Court

David P. Fornshell
Prosecuting Attorney
Warren County, Ohio

Assistant Prosecuting Attorney

Nathan Elter-appointed
Attorney for Defendant

**DIRECTIONS TO THE WARREN COUNTY SHERIFF:**

☐ Recall warrant on the above case. Warrant issued on _____.

☐ Defendant is in custody at _____ and bond has not been posted, please place a holder. A warrant to convey will be issued.

**cc: Warren County Sheriff's Office**

COMMON PLEAS COURT
WARREN COUNTY, OHIO
**F I L E D**

**NOV - 3 2023**

*James L. Spaeth*
Clerk of Courts   Warren County Ohio

## STATE OF OHIO, WARREN COUNTY
## COMMON PLEAS COURT

State of Ohio,
      Plaintiff,

Case No. 23CR41075

vs.

**NO CONTACT ORDER**

RAHEEM ABDUL-QAWI,
      Defendant.

This matter came on before the Court on the **3rd** day of **November, 2023**.
The Court finds that the safety and protection of:
Courtney Robinson

may be impaired should there be a contact from the defendant. Therefore, the following orders, are a condition of release in addition to any bail set under Criminal Rule 46 and all orders apply;

1. **DEFENDANT SHALL NOT ABUSE ABOVE NAMED VICTIM(S)** in this order or their household members by harming, attempting to harm, threatening, molesting, following, stalking, bothering, harassing, annoying, contacting, or forcing sexual relations upon them.

2. **DEFENDANT SHALL REFRAIN FROM ENTERING** the buildings, grounds, and parking lots of the residences, schools, businesses, and places of employment of the victim(s) named in this order or their household members.

3. **DEFENDANT SHALL STAY AWAY FROM THE VICTIM(S)** named in this order or their household members. Defendant shall not be present within 500 feet of them in any public or private place. Defendant must depart immediately.

4. **DEFENDANT SHALL NOT INITIATE ANY CONTACT WITH THE VICTIM(S)** named in this order or their household members. This includes, but is not limited to: telephone, fax, e-mail, and voice mail contact with party or parties residences, schools, businesses, and places of employment.

5. **DEFENDANT SHALL NOT CAUSE OR ENCOURAGE ANY OTHER PERSON** to do any act prohibited in Paragraphs 1 through 4 above.

6. **DEFENDANT SHALL NOT POSSESS, USE, CARRY, OR OBTAIN ANY**

Filed in Warren County on 11/03/2023 10:52:25 AM

## STATE OF OHIO, WARREN COUNTY
## COMMON PLEAS COURT
## CRIMINAL DIVISION

| | |
|---|---|
| **STATE OF OHIO,** | **:** **CASE NO: 23CR41075** |
| **Plaintiff,** | **:** |
| | **:** **JUDGEROBERT W. PEELER** |
| | **:** |
| **v.** | **:** |
| | **:** **ORDER REVOKING BOND** |
| **RAHEEM ABDUL - QAWI ,** | **:** |
| **Defendant.** | **:** |
| | **:** |

The Court finds the Defendant has failed to comply with the terms and conditions of pretrial release. The Defendant has violated the terms of bond, to wit: testing positive for illegal substance.

It is **ORDERED** that the bond in the above-captioned case be revoked and the Defendant be held in the Warren County Jail, without bail, pending further order of the Court.

**SO ORDERED.**

*Robert W Peeler*
_____
**JUDGE ROBERT W. PEELER**
**Warren County Common Pleas Court**

# Offender Drug Test History

Name: <u>Raheem Abdul-Qawi</u>                Case #: <u>23CR41051</u>

| Date of Test | Outcome | Drugs Found |
|---|---|---|
| 11/3/2023 | Positive  - Deny | Fentanyl |

**OHIO UNIFORM INCIDENT REPORT**

**ADMINISTRATIVE**

| AGENCY NAME | *INCIDENT NUMBER |
|---|---|
| MONROE PD | 23-017717 |

| CALL NUMBER | *GEOCODE |
|---|---|
| 23-017717 | 33 |

TOD 10:59
TOA 11:17
TOC 11:18

☐ INCIDENT
■ OFFENSE
☐ SUPPLEMENT

*CLEARANCES

A ☐ Death of Suspect  G ☐ Arrest – Juvenile
B ☐ Prosecution Declined  H ☐ Warrant Issued
C ☐ In Custody of Other Jurisd.  I ■ Invest. Pending
D ☐ Victim Refused to Coop.  J ☐ Closed
E ☐ Juvenile/No Custody  K ☐ Unfounded
F ☐ Arrest - Adult  U ☐ Unknown

*CLEARANCE DATE:     CLEARED BY:

| MONTH | *REPORT DATE/TIME DAY | YEAR | TIME | MONTH | *INCIDENT OCCURRED FROM DAY | YEAR | TIME | MONTH | *INCIDENT OCCURRED TO DAY | YEAR | TIME |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 08 | 15 | 2023 | 10:56 | 08 | 11 | 2023 | 17:17 | 08 | 11 | 2023 | 20:15 |

INCIDENT LOCATION (Street, Apt., City, State, Zip)
400 PREMIUM OUTLET MONROE, OH 45050

**OFFENSE**

| *OFFENSE | *OFFENSE CODE | *A/C | F/M & DEGREE | *HATE/BIAS | *LARCENY | *TYPE CRIMINAL ACTIVITY |
|---|---|---|---|---|---|---|
| 1. THEFT_WITHOUT CONSENT | 2913.02A1 | C | F | N | 23H | 1.___ 2.___ 3.___ |
| 2. | 2. | | | | | 1.___ 2.___ 3.___ |
| 3. | 3. | | | | | 1.___ 2.___ 3.___ |
| 4. | 4. | | | | | 1.___ 2.___ 3.___ |
| 5. | 5. | | | | | 1.___ 2.___ 3.___ |

(Enter up to three for each offense)
B- BUYING/RECEIVING
C- CULTIVATING/MFG./PUB.
D- DISTRIBUTING/SELLING
E- EXPLOITING CHILDREN
O- OPER/PROOTING/ASSIST.
P- POSSESSING/CONCEALING
T- TRANSPT/TRANSMITTING
U- USING/CONSUMING
G- OTHER GANG ACTIVITY
J- JUVENILE GANG ACTIVITY
N- NO GANG ACTIVITY

*LOCATION OF OFFENSE (Enter up to two)
1. ___35___  2. ___

RESIDENTIAL STRUCTURE
01 Single Family Home
02 Multiple Dwelling
03 Residential Facility
04 Other Residential
05 Garage/Shed

PUBLIC ACCESS BLDGS.
06 Transit Facility
07 Government Office
08 School
09 College
10 Library
11 Hospital

12 Jail/Prison
13 Parking Garage
14 Other Public Access Buildings

COMMERCIAL LOCATIONS
15 Auto Shop
16 Financial Institution
17 Barber/Beauty Shop
18 Hotel/Motel
19 Dry Cleaners/Laundry
20 Professional Office
21 Doctor's Office
22 Other Business Office
23 Recreation/Entertainment Center
24 Amusement Park
25 Rental Storage Facility
26 Other Commercial Service Loc.
56 ATM Machine Separate from Bank

59 Daycare Facility

RETAIL
26 Bar
27 Buy/Sell/Trade Shop
28 Restaurant
29 Gas Station
30 Auto Sales Lot
31 Jewelry Store
32 Clothing Store
33 Drugstore
34 Liquor Store
35 Shopping Mall
36 Sporting Goods
37 Grocery/Supermarket
38 Variety/Convenience
39 Department Store

40 Other Retail Store
41 Factory/Mill/Plant
42 Other Building

OUTSIDE
43 Yard
44 Construction Site
45 Lake/Waterway
46 Field/Woods
47 Street
48 Parking Lot
49 Park/Playground
50 Cemetery
51 Public Transit Vehicle
52 Other Outside Location
57 Camp/Campground
58 Rest Area

OTHER
53 Abandoned/Condemned Structure
55 Arena/Stadium/Fairgrounds/Coliseum
58 Cargo Container
60 Dock/Wharf/Freight/Modal Terminal
61 Farm Facility
62 Gambling Facility/Casino/Race Track
63 Military Installation
65 Shelter-Mission/Homeless
66 Tribal Lands
77 Other

*SUSPECTED OF USING
A ☐ ALCOHOL
D ☐ DRUGS
C ☐ COMPUTER EQUIPMENT
N ■ NOT APPLICABLE

*TYPE WEAPON/FORCE USED
1. 99  2. ___  3. ___

| *METHOD OF ENTRY | *METHOD OF ENTRY – MOTOR VEHICLE THEFT | | *METHOD OF ENTRY – BURGLARY/B&E | | |
|---|---|---|---|---|---|

☐ 1 FORCE
☐ 2 NO FORCE

*NO. PREMISES ENTERED

01 ☐ Motor Running/Keys in Car  06 ☐ Hot Wire
02 ☐ Unlocked  07 ☐ Slim Jim/Coat Hanger
03 ☐ Duplicate Key Used  08 ☐ Tumblers Removed
04 ☐ Window Broken  09 ☐ Column Peeled
05 ☐ Towed  10 ☐ Ignition Peeled

ENTRY EXIT
1 ☐ BASEMENT ☐
2 ☐ 1ST FLOOR ☐
3 ☐ 2ND FLOOR ☐
4 ☐ OTHER ☐

ENTRY EXIT
1 ☐ DOOR ☐
2 ☐ WINDOW ☐
3 ☐ GARAGE ☐
4 ☐ SKYLIGHT ☐
5 ☐ OTHER ☐

ENTRY EXIT
1 ☐ FRONT ☐
2 ☐ SIDE ☐
3 ☐ REAR ☐
4 ☐ ROOF ☐
5 ☐ OTHER ☐

METHODS OF OPERATION

*CARGO THEFT Y ☐ N ☐

**VICTIM**

| *NO. 1 | *TOTAL VICTIMS 1 | *VICTIM TYPE | ■ INDIVIDUAL  F ☐ FINANCIAL INSTITUTION  P ☐ POLICE OFFICER (IN THE LINE OF DUTY)  S ☐ SOCIETY  O ☐ OTHER |
|---|---|---|---|
| | | | B ☐ BUSINESS  G ☐ GOVERNMENT  R ☐ RELIGIOUS ORGANIZATION  U ☐ UNKNOWN |

NAME (Last, First, Middle)
ROBINSON, COURTNEY, J

ADDRESS (Street, Apt., City, State, Zip)
3388 GADWALL FRANKLIN, OH 45005

PHONE (937) 321-5426

EMPLOYER NAME AND ADDRESS (Street, Apt., City, State, Zip)

PHONE

| *AGE/D.O.B. 32  03/08/1991 | *SEX F | *RACE ☐ W  ■ B  ☐ I  ☐ A  ☐ U | ETHNICITY N | HGT 504 | WGT 129 | HAIR BRO | EYES BRO |
|---|---|---|---|---|---|---|---|

OCCUPATION

SSN XXX-XX-7632

*RESIDENT STATUS 1 ☐ RESIDENT  2 ☐ TOURIST  3 ☐ MILITARY  4 ☐ STUDENT  5 ☐ OTHER  U ■ UNKNOWN

*VICTIM INJURED? ☐ Y  ■ N  IF INJURED, DESCRIBE INJURIES: None

*AGG. ASSAULT/HOMICIDE CIRC.  *LEOKA INFORMATION  TYPE OF ACT.  ASSIGN. TYPE  ORI - OTHER  0  UU  *VICTIM/SUSPECT RELATIONSHIP 1.___ 2.___ 3.___ 4.___ 5.___

*VICTIM/OFFENSE LINK 2913.02A1

My signature verifies that the information on this report is accurate and true

DATE _____

| REPORTING OFFICER | BADGE NO. | DATE |
|---|---|---|
| PO. P. Fields | 878 | 08/15/2023 |
| APPROVING OFFICER | BADGE NO. | DATE |
| Sgt. J. Robertson | 820 | 08/21/2023 |

FOLLOW UP ☐ Y  ■ N  If yes, follow-up Assignment:

ADDITIONAL SUPPLEMENTS
☐ VICTIM/WITNESS  ☐ PROPERTY  ☐ STATEMENTS  FORM RECEIVED BY:  ☐ INTELLIGENCE  SPECIAL COPIES
☐ SUSPECT/ARRESTEE  ☐ NARRATIVE  ☐ OTHER  ☐ INVESTIGATION  ☐ RECORDS

INCIDENT NUMBER 23-017717

# INCIDENT REPORT – PART 2

| | | INCIDENT NUMBER 23-017717 |
|---|---|---|
| VICTIM ROBINSON, COURTNEY, J | OFFENSE THEFT WITHOUT CONSENT | INCIDENT DATE AND TIME 08/11/2023    17:17 |

## REPORTER

| NO. 1 | NAME (Last, First, Middle) ROBINSON, COURTNEY, J | | AGE/ D.O.B. 32   03/08/1991 | SSN XXX-XX-7632 |
|---|---|---|---|---|
| ADDRESS (Street, Apt., City, State, Zip) 3388 GADWALL    FRANKLIN, OH 45005 | | | PHONE (937) 321-5426 | |
| EMPLOYER NAME AND ADDRESS (Street, Apt., City, State, Zip) | | | PHONE | |

STATEMENTS OBTAINED  ☐ Y  ☐ N   TYPE:  ☐ WRITTEN  ■ ORAL  ☐ TAPED  ☐ OTHER

## VEHICLE

CHECK CATEGORIES  ☐ STOLEN  ☐ RECOVERED  ☐ IMPOUNDED  ☐ RECEIVED  ☐ SUSPECT'S VEHICLE  ☐ VICTIM'S VEHICLE  ☐ UNAUTHORIZED USE  ☐ ABANDONED

| NO. | ☐ DAMAGE TO VEHICLE  ☐ THEFT FROM VEHICLE | LIC | LIS | LIY | LIT | VIN/OAN | | *VALUE $0.00 |
|---|---|---|---|---|---|---|---|---|
| VYR | VMA | VMO | VST | | VCO TOP BOTTOM | VEHICLE ☐ Y ☐ N LOCKED | KEYS IN ☐ Y ☐ N VEHICLE    HOLD ☐ Y ☐ N VEHICLE | RELEASE ☐ Y CONTENTS ☐ N |
| VEHICLE ASSOC. W/ SUSPECT NO | VEHICLE ASSOC. W/ VICTIM NO | VEHICLE TOWED? ☐ Y ☐ N | TOWED BY | | | OWNERSHIP VERIFIED BY: | ☐ TAG RECEIPT ☐ BILL OF SALE | ☐ TITLE ☐ OTHER |
| STOLEN MOTOR VEHICLE ONLY | NO. STOLEN | AREA STOLEN ☐ BUSINESS ☐ RESID ☐ RURAL | ADDITIONAL DESCRIPTION | | | | | |
| AUTO INSURER NAME (Company) ADDRESS (Street, Apt., City, State, Zip) | | | | | | | PHONE | |
| MOTOR VEHICLE RECOVERY ONLY | NO. RECOVERED | DATE REC | STOLEN IN YOUR JURISDICTION ☐ Y ☐ N WHERE RECOVERED? | | | | | |

## PROPERTY

| *TYPE PROPERTY LOSS/ETC. (enter codes below) | 1 NONE 2 BURNED | 3 COUNTERFEITED/FORGED 4 DESTROYED/DAMAGED/VANDALIZED | 5 STOLEN/ETC. 6 SEIZED | 7 RECOVERED U UNKNOWN | P PHOTO E EVIDENCE | TOTAL VALUE $1,078.52 |
|---|---|---|---|---|---|---|

| *LOSS CODE 5 | QUANTITY 1.00 | XX | DESCRIPTION PNC DEBIT CARD | | | *PROP CODE 2 | *VALUE $0.00 |
|---|---|---|---|---|---|---|---|
| VICT. NO. 1 | VEH NO | MAKE/BRAND | | MODEL | | DATE RECOVERED | |
| | SERIAL NUMBER | | NCIC NUMBER | | OTHER NUMBER | | |

| *LOSS CODE 5 | QUANTITY 1.00 | XX | DESCRIPTION ADVANCED AUTO STORE 57 | | | *PROP CODE2 | *VALUE $73.65 |
|---|---|---|---|---|---|---|---|
| VICT. NO. 1 | VEH NO | MAKE/BRAND | | MODEL | | DATE RECOVERED | |
| | SERIAL NUMBER | | NCIC NUMBER | | OTHER NUMBER | | |

| *LOSS CODE | QUANTITY 1.00 | XX | DESCRIPTION SUPER WALMART STORE 1407 | | | *PROP CODE2 | *VALUE $174.39 |
|---|---|---|---|---|---|---|---|
| VICT. NO. | VEH NO | MAKE/BRAND | | MODEL | | DATE RECOVERED | |
| | SERIAL NUMBER | | NCIC NUMBER | | OTHER NUMBER | | |

| *LOSS CODE | QUANTITY 1.00 | XX | DESCRIPTION O'REILLY'S AUTO STORE 55 | | | *PROP CODE2 | *VALUE $135.54 |
|---|---|---|---|---|---|---|---|
| VICT. NO. 1 | VEH NO | MAKE/BRAND | | MODEL | | DATE RECOVERED | |
| | SERIAL NUMBER | | NCIC NUMBER | | OTHER NUMBER | | |

**PROPERTY CODES:**

| EXCHANGE MEDIUMS | 10 Other Valuables | 22 Photographic Equipment | 72 Musical Instruments | VEHICLES | STRUCTURES |
|---|---|---|---|---|---|
| 01 Money | PERSONAL EFFECTS | 23 Farm Equipment | 73 Portable Electronic Equip. | 35 Aircraft | 46 Single Occupancy |
| 02 Credit/Debit Card | 11 Clothing/Furs | 24 Heavy Construction/Industrial | 74 Watercraft Equip./Parts/Acc. | 36 Automobiles | 47 Other Dwellings |
| 03 Negotiable Instruments | 12 Purses/Handbags/Wallets | 25 Building Supplies-Const. | 29 Other Equipment | 37 Bicycles | 48 Commercial/Business |
| 04 Other Exchange Mediums | 13 Other Personal Effects | 26 Tools | CONSUMABLE ITEMS | 38 Buses | 49 Industrial/Manufacturing |
| DOCUMENTS | HOUSEHOLD ITEMS | 27 Vehicle Parts/Accessories | 30 Alcohol | 39 Trucks | 50 Public/Community |
| 05 Non-Negotiable Instruments | 14 Household Items | 57 Aircraft Parts/Accessories | 31 Drugs/Narcotics | 40 Trailers | 51 Storage |
| 06 Personal (Identity) Papers | EQUIPMENT | 28 School Supplies | 32 Consumable Goods | 41 Watercraft | 52 Other Structure |
| 62 Documents-Personal or Business | 15 Drug/Narcotic Equip. | 58 Artistic Supplies/Accessories | 60 Chemicals | 42 Recreational Vehicle | OTHER |
| 07 Other Documents | 16 Gambling Equipment | 59 Camping/Hunting/Fishing Equipment/Supplies | 61 Crops | 43 Other Motor Vehicle | 53 Merchandise |
| VALUABLES | 17 Computer Hardware/Soft. | 67 Law Enforcement Equip. | 63 Explosives | WEAPONS | 54 Other Property |
| 08 Jewelry/Precious Metals | 18 Office Equipment | 68 Lawn/Yard/Garden Equip. | 65 Fuel | 44 Firearms | 55 Pending Inventory |
| 09 Art Objects, Antiques | 19 Stereo TV Equip. | 69 Logging Equipment | ANIMALS | 45 Other Weapons | 66 Identity-Intangible |
| | 20 Recordings-Audio Visual | 70 Medical/Medical Lab Equip. | 33 Livestock | 64 Firearm Accessories | 71 Metals, Non-Precious |
| | 21 Sports Equipment | | 34 Household Pets | | |

## NARRATIVE

On the listed date and time, I took a phone report for a stolen or lost debit card. The victim, Courtney Robinson stated while shopping at the outlets on 08/11/2023 around 17:17hrs she noticed her debit card was missing. Courtney stated she is unsure if the card was stolen or she dropped it. Courtney's bank began to text her about possible fraudulent charges on her account. Courtney checked her mobile banking and noticed multiple charges from Walmart, O'Reily's, Speedway, Lowes, and Advanced Auto. These charges were made to her card between 17:46hrs and 20:15hrs on 08/11/23. Courtney then blocked the card and filed a report with PNC Bank (Report #223227119391). The various charges and amounts totaling up to $1,138.52, will be listed in this report.

This incident occurred in the City of Monroe, Warren County, Ohio.

Respectfully,
P.O. P. Fields 878
Monroe Police Department

6/2011

| NARRATIVE SUPPLEMENT | | INCIDENT NUMBER | 23-017717 |
|---|---|---|---|
| VICTIM<br>ROBINSON, COURTNEY, J | OFFENSE<br>THEFT WITHOUT CONSENT | INCIDENT DATE AND TIME | 08/11/2023  17:17 |

Message left for victim 8/21/23

Video was retrieved from Walmart in Lebanon and Evendale which shows the same suspects making the purchases in question. They are observed leaving in a late model blue SUV which returned a hit on Flock to Raheem Abdul in the area of the Walmart in Evendale 2 minutes before pulling into the parking lot. They are described as a male Mid thirties to forties with extensive tattoos on his arms and chest. He appears to be either Hispanic or Middle Eastern with a beard and unknown hair style. The second suspect is a mid thirties to forties female, white, heavy set with glasses and brown or auburn hair.

Walmart provided a copy of the receipts from their purchase and shows they purchased jump starters, windshield wipers, cat toys, batteries, a lamp, microwave, cat food, a tv and items I can not determine by the receipt.

I was able to find a BMV photo of Raheem and it does appear to be the same individual in question.

I was able to Accurint Mr. Abdul which showed an address in Lexington, at that same address is listed a female Amanda Mulligan who through her BMV picture and physical descriptors does appear to be the female in the video.

Amanda Mulligans Facebook was found which shows images of both suspects further confirming their identities.

Charges will be filed through Area 2 for felony theft and misuse of credit cards.

| REASON CLEARED | A ☐ DEATH OF OFFENDER | D ☐ VICTIM REFUSED TO COOP. | G ☐ ARREST – JUVENILE | J ☐ CLOSED | DATE CLEARED | |
|---|---|---|---|---|---|---|
| | B ☐ PROSECUTION DECLINED | E ☐ JUVENILE/NO CUSTODY | H ☐ WARRANT ISSUED | K ☐ UNFOUNDED | | |
| | C ☐ EXTRADITION DENIED | F ☐ ARREST – ADULT | I ☐ INVEST. PENDING | U ☐ UNKNOWN | | |
| REPORTING OFFICER<br>Det. M. Parker | | | | BADGE NO.<br>853 | DATE<br>08/21/2023 | |
| APPROVING OFFICER | | | | BADGE NO. | DATE | |

| DESCRIPTION | | TRAN TYPE | TRAN AMT | AMT INCLUDED | BALANCE |
|---|---|---|---|---|---|
| 08/11/2023 17:46:42 | ADVANCE AUTO PARTS #57 VIS 0811 LEBANON OH | Debit | 73.65 | 73.65 | |
| 08/11/2023 18:07:43 | WM SUPERCENTER #1407 VIS 0811 LEBANON OH | Debit | 174.39 | 174.39 | |
| 08/11/2023 18:29:30 | O'REILLY AUTO PARTS 55 VIS 0811 LEBANON OH | Debit | 135.54 | 135.54 | |
| 08/11/2023 18:37:55 | SPEEDWAY 08626 LEBANON VIS 0811 LEBANON OH | Debit | 64.67 | 64.67 | |
| 08/11/2023 19:15:34 | LOWES #02853* VIS 0811 SOUTH LEBAN OH | Debit | 139.86 | 139.86 | |
| 08/11/2023 20:14:13 | WAL-MART #3749 VIS 0811 CINCINNATI OH | Debit | 372.91 | 372.91 | |
| 08/11/2023 20:15:23 | WM SUPERCENTER #3749 VIS 0811 CINCINNATI OH | Debit | 117.50 | 117.50 | |

DATE: 8/21/23
Settler's Walk
ABA-041000124
070-243-1

S Adorno
Teller Lead

*Evendale Store*

```
ST# 3749 OP# 00005775 TE# 15 TR# 08338

JUMP STARTER 081463201395S     109.00 AD
VOIDED SERIAL #
                    SUBTOTAL    109.00

443044******4452      I
EXPIRATION DATE 2603
APPROVAL # 844338
AMOUNT AUTHORIZED IS       117.50
CAMT 000000011750
US DEBIT
AID A0000000980840
ICC 0840  en
TVR 8080088000  CVMR 1F0002  ARC Z3
AAC 955960917ABF4EB8
ATC 00FD UP# 06CE98CC TSI 6800
TERMINAL # SC010606
*NO SIGNATURE REQUIRED
CREDIT CARD STATUS IS APPROVED
US DEBIT        **** **** **** 4452 I 2
APPROVAL # 844338
REF # 1042000314
       08/11/23     20:15:26
ACCOUNT NUMBER: 4452
BIN 443044
        SALES TAX  1          8.50
                    TOTAL    117.50
                 VISA TEND   117.50
               CHANGE DUE      0.00

         ***SURVEY OFFERED***

  TC# 1454 1353 5341 2509 7756 6
       08/11/23     20:15:28
```

```
ST# 3749 OP# 00005775 TE# 15 TR# 08337

RX LAT WR22  007911810081S    18.44 AD
RX LAT WR22  007911810081S    18.44 AD
TEMPT JBO 14 002310012446S     8.48 AD
CAT TOY      068113140714S     6.12 AD
PRODUCT SERIAL #    NC22292N140114
20V 1/2      081002239403S   119.00 AD
VOIDED SERIAL #    NC22292N140114
PRODUCT SERIAL #    NC22093N180328
20V BATT     081002239491S    79.00 AD
VOIDED SERIAL #    NC22093N180328
FLOOR LAMP   079891903771S     9.87 AD
MICROWAVE    019087300881S    55.00 AD
VOIDED SERIAL #
FRISKIE 32PK 005000045435S    24.58 AD
BLACK 12X48  006944595002S     7.00 AD
                   SUBTOTAL   345.93
     CUSTOMER CANCELLED BANKCARD

443044******4452      I
EXPIRATION DATE 2603
APPROVAL # 421358
AMOUNT AUTHORIZED IS       372.91
CAMT 000000037291
US DEBIT
AID A0000000980840
ICC 0840 en
TVR 8080088000  CVMR 1F0002  ARC Z3
AAC E52C1F5C17DF4086
ATC 00FC UP# F3C8C6BB TSI 6800
TERMINAL # SC010606
*NO SIGNATURE REQUIRED
CREDIT CARD STATUS IS APPROVED
US DEBIT        **** **** **** 4452 I 2
APPROVAL # 421358
REF # 322400601892
        08/11/23    20:14:15
ACCOUNT NUMBER: 4452
BIN 443044
        SALES TAX  1        26.98
                    TOTAL   372.91
                VISA TEND   372.91
                CHANGE DUE    0.00


        ***SURVEY OFFERED***

   TC# 0901 9202 0274 8041 8302 9
        08/11/23    20:14:19
```

```
ST# 1407 OP# 00009050 TE# 50 TR# 01439

HISENSE 40   081913002590  S    148.0 AD
3YR SVC PLAN 084375518053  S     15.36 AD
BIN 443044
         SALES TAX  1           11.03
                     TOTAL      174.39
                 VISA TEND      174.39
                 CHANGE DUE       0.00
                  SUBTOTAL      163.36
***********4452
APPROVAL # 249549
AMOUNT AUTHORIZED IS 174.39
EXPIRATION DATE  03/26
CAMT 000000017439
AID A0000000980840
TVR 8000088000
CVMR 1F0002
ARC Z3
TC C7C34A2947F3EC33
ATC 00F7
UP C3346147
TSI 6800
*NO SIGNATURE REQUIRED
TERMINAL # 28521142
REF # 322300514445
UPC 0819130025900
UPC 0843755180530



        ***SURVEY OFFERED***
   TC# 7568 1868 4872 1659 6974 4
        08/11/23    18:07:51
```

# SUSPECT/ARREST SUPPLEMENT

| ARRESTING AGENCY | MONROE PD | INCIDENT NUMBER | 23-017717 |
|---|---|---|---|

| VICTIM | OFFENSE | INCIDENT DATE |
|---|---|---|
| ROBINSON, COURTNEY J | THEFT WITHOUT CONSENT | AND TIME 08/11/2023 17:17 |

| NO. | ADULT | JUVENILE | UNKNOWN | CHECK APPROPRIATE CATEGORY | | | | | CHARGES FILED? |
|---|---|---|---|---|---|---|---|---|---|
| 1 | ■ | ☐ | ☐ | ☐ SUSPECT ☐ ARRESTEE ☐ SUSPECT/ARRESTEE ☐ RUNAWAY ☐ MISSING ☐ OTHER _____ | | | | | ■ Y ☐ N |

## NAME/DESCRIPTIVES

| NAME (Last, First, Middle) | | SSN |
|---|---|---|
| MULLIGAN, AMANDA LYNN | | XXX-XX-0792 |
| ALIAS | | GANG AFFILIATION |

| ADDRESS (Street, Apt., City, State, Zip) | | PHONE |
|---|---|---|
| 2044 GEORGIAN D23 LEXINGTON, KY 40504 | | |
| EMPLOYER NAME AND ADDRESS (Street, Apt., City, State, Zip) | | PHONE |

| PLACE OF BIRTH | DL#/STATE | OCCUPATION/SCHOOL |
|---|---|---|
| | M04156607 KY | |

| *AGE/ D.O.B. 36 | 09/09/1986 | *SEX F | *RACE ■ W ☐ I ☐ U | ☐ B ☐ A N | ETHNICITY | *HEIGHT 507 | *WEIGHT 220 | *HAIR BRO | *EYES BRO |
|---|---|---|---|---|---|---|---|---|---|

| MARITAL STATUS | SCARS, MARKS, TATOOS |
|---|---|

ADDITIONAL DESCRIPTIVES

| SUSPECTED OF USING | POTENTIAL INJURIES? |
|---|---|
| ☐ ALCOHOL ☐ DRUGS | |

| *RESIDENT STATUS | 1 ☐ RESIDENT | 2 ☐ TOURIST | 3 ☐ MILITARY | 4 ☐ STUDENT | 5 ☐ OTHER (explain) _____ | U ☐ UNKNOWN |
|---|---|---|---|---|---|---|

*ARRESTEE WAS ARMED WITH

ARRESTEE ARMED WITH 1. ____ 2. ____ 3. ____

| 99 | NONE | 13B | OTHER FULLY AUTOMATIC FIREARM | 16 | IMITATION FIREARM | 50 | POISON |
|---|---|---|---|---|---|---|---|
| 11 | F IREARM | 14 | SHOTGUN | 17 | SIMULATED FIREARM | 60 | EXPLOSIVES |
| 12 | HANDGUN | 15 | OTHER FIREARM | 18 | BB/PELLET GUN | 65 | FIRE/INCENDIARY DEVICE |
| 12A | AUTOMATIC HANDGUN | 15A | SEMI-AUTOMATIC SPORTING RIFLE | 20 | KNIFE/CUTTING INSTRUMENT | 70 | DRUGS/NARC/SLEEPING PILLS |
| 13 | RIFLE | 15B | SEMI-AUTOMATIC ASSAULT FIREARM | 30 | BLUNT OBJECT | 80 | OTHER WEAPON |
| 13A | FULLY AUTOMATIC RIFLE | 15C | MACHINE PISTOL | | | | |

## ASSOC. PERSONS

| NAME | ADDRESS (Street, Apt., City, State, Zip) | | PHONE |
|---|---|---|---|
| 1 | 1 | | 1. |
| 2. | 2 | | 2 |

## ARREST INFORMATION

| ARREST/OFFENSE DESCRIPTION | *ARREST/OFFENSE CODE | F/M & DEGREE | WARRANT # | | *ARREST LARCENY TYPE |
|---|---|---|---|---|---|
| 1 | 1. | 1. | 1 | 1. | 23A POCKET PICKING |
| 2 | 2. | 2. | 2. | 2. | 23B PURSE SNATCHING |
| 3. | 3. | 3. | 3 | 3. | 23C SHOPLIFTING |
| 4 | 4. | 4. | 4. | 4. | 23D THEFT FROM BUILDING |
| | | | | | 23E THEFT FROM COIN-OP MACH. |
| 5 | 5. | 5 | 5 | 5. | 23F THEFT FROM MOTOR VEHICLE |
| | | | | | 23G MOTOR VEH. PARTS/ACCESS. |
| | | | | | 240 THEFT OF MOTOR VEHICLE |
| | | | | | 23H OTHER: _____ |

| *ARREST DATE | TIME | ARREST LOCATION (Street. Apt., City, State, Zip) |
|---|---|---|

| *INCIDENT TRACKING NUMBER | ARREST DISPOSITION | BAIL $0.00 |
|---|---|---|

| MIRANDA WITNESSED BY: | | TIME READ |
|---|---|---|

| FINGERPRINTED ☐ Y ☐ N | FINGERPRINT CARD NO. | PHOTOS TAKEN ☐ Y ☐ N | NO. TAKEN | PHOTO ID NO. | FBI/BCI# |
|---|---|---|---|---|---|

| *MULTIPLE ARRESTEE SEGMENTS INDICATOR ☐ COUNT ARRESTEE ☐ MULTIPLE ARRESTEE INDICATOR ☐ N/A | *ARREST TYPE | 1 ☐ COMPLAINT 2 ☐ IN-PROGRESS | 3 ☐ WARRANT 4 ☐ SUMMONS | 5 ☐ ORDER OF PROTECTION 9 ☐ OTHER |
|---|---|---|---|---|

## JUVENILE

| JUV. PARENT/ GDN. NOTIFIED | ☐ Y ☐ N | DATE/TIME NOTIFIED | NOTIFIED BY | *JUVENILE DISPOSITION | ☐ HANDLED WITHIN THE DEPARTMENT ☐ REFERRED TO OTHER AUTHORITIES |
|---|---|---|---|---|---|

| PARENT/GUARDIAN NAME AND ADDRESS (Street, Apt., City, State, Zip) | RELATIONSHIP | PHONE |
|---|---|---|

| PARENT/GUARDIAN NAME AND ADDRESS (Street, Apt., City, State, Zip) | RELATIONSHIP | PHONE |
|---|---|---|

## RUNAWAYS /MISSING

| PREVIOUS RUN/MISS. | ☐ Y ☐ N | DATE OF LAST CONTACT | DATE OF EMANCIPATION | NCIC # | DATE/TIME ENTERED |
|---|---|---|---|---|---|

LAST SEEN WEARING

| REPORTING OFFICER | BADGE NO. | DATE |
|---|---|---|
| Det. M. Parker | 853 | 08/23/2023 |
| APPROVING OFFICER | BADGE NO. | DATE |
| COURT | | DATE |

11/2005

# PROPERTY SUPPLEMENT

| INCIDENT NUMBER | 23-017717 |
|---|---|

| VICTIM | OFFENSE | INCIDENT DATE AND TIME |
|---|---|---|
| ROBINSON, COURTNEY, J | THEFT WITHOUT CONSENT | 08/11/2023  17:17 |

| *TYPE PROPERTY LOSS/ETC. (enter codes below) | 1 NONE 2 BURNED | 3 COUNTERFEITED/FORGED 4 DESTROYED/DAMAGED/VANDALIZED | 5 STOLEN/ETC. 6 SEIZED | 7 RECOVERED U UNKNOWN | P PHOTO E EVIDENCE | TOTAL VALUE $1,078.52 |
|---|---|---|---|---|---|---|

| *LOSS CODE 5 | QUANTITY 1.000 XX | DESCRIPTION SPEEDWAY STORE 08626 | | | *PROP CODE 2 | *VALUE $64.67 |
|---|---|---|---|---|---|---|
| VICT. NO. 1 | VEH NO | MAKE/BRAND | MODEL | | | DATE RECOVERED |
| | SERIAL NUMBER | | NCIC NUMBER | OTHER NUMBER | | |

| *LOSS CODE 5 | QUANTITY 1.000 XX | DESCRIPTION LOWES STORE 2853 | | | *PROP CODE 2 | *VALUE $139.86 |
|---|---|---|---|---|---|---|
| VICT. NO. 1 | VEH NO | MAKE/BRAND | MODEL | | | DATE RECOVERED |
| | SERIAL NUMBER | | NCIC NUMBER | OTHER NUMBER | | |

| *LOSS CODE 5 | QUANTITY 1.000 XX | DESCRIPTION SUPER WALMART STORE 3749 | | | *PROP CODE 2 | *VALUE $490.41 |
|---|---|---|---|---|---|---|
| VICT. NO. 1 | VEH NO | MAKE/BRAND | MODEL | | | DATE RECOVERED |
| | SERIAL NUMBER | | NCIC NUMBER | OTHER NUMBER | | |

| *LOSS CODE | QUANTITY | DESCRIPTION | | | *PROP CODE | *VALUE $0.00 |
|---|---|---|---|---|---|---|
| VICT. NO. | VEH NO | MAKE/BRAND | MODEL | | | DATE RECOVERED |
| | SERIAL NUMBER | | NCIC NUMBER | OTHER NUMBER | | |

| *LOSS CODE | QUANTITY | DESCRIPTION | | | *PROP CODE | *VALUE $0.00 |
|---|---|---|---|---|---|---|
| VICT. NO. | VEH NO | MAKE/BRAND | MODEL | | | DATE RECOVERED |
| | SERIAL NUMBER | | NCIC NUMBER | OTHER NUMBER | | |

| *LOSS CODE | QUANTITY | DESCRIPTION | | | *PROP CODE | *VALUE $0.00 |
|---|---|---|---|---|---|---|
| VICT. NO. | VEH NO | MAKE/BRAND | MODEL | | | DATE RECOVERED |
| | SERIAL NUMBER | | NCIC NUMBER | OTHER NUMBER | | |

| *LOSS CODE | QUANTITY | DESCRIPTION | | | *PROP CODE | *VALUE $0.00 |
|---|---|---|---|---|---|---|
| VICT. NO. | VEH NO | MAKE/BRAND | MODEL | | | DATE RECOVERED |
| | SERIAL NUMBER | | NCIC NUMBER | OTHER NUMBER | | |

| *LOSS CODE | QUANTITY | DESCRIPTION | | | *PROP CODE | *VALUE $0.00 |
|---|---|---|---|---|---|---|
| VICT. NO. | VEH NO | MAKE/BRAND | MODEL | | | DATE RECOVERED |
| | SERIAL NUMBER | | NCIC NUMBER | OTHER NUMBER | | |

| *LOSS CODE | QUANTITY | DESCRIPTION | | | *PROP CODE | *VALUE $0.00 |
|---|---|---|---|---|---|---|
| VICT. NO. | VEH NO | MAKE/BRAND | MODEL | | | DATE RECOVERED |
| | SERIAL NUMBER | | NCIC NUMBER | OTHER NUMBER | | |

| *LOSS CODE | QUANTITY | DESCRIPTION | | | *PROP CODE | *VALUE $0.00 |
|---|---|---|---|---|---|---|
| VICT. NO. | VEH NO | MAKE/BRAND | MODEL | | | DATE RECOVERED |
| | SERIAL NUMBER | | NCIC NUMBER | OTHER NUMBER | | |

**PROPERTY CODES:**

EXCHANGE MEDIUMS
01 Money
02 Credit/Debit Card
03 Negotiable Instruments
04 Other Exchange Mediums
DOCUMENTS
05 Non-Negotiable Instruments
06 Personal (Identity) Papers
62 Documents/Personal or Business
07 Other Documents
VALUABLES
08 Jewelry/Precious Metals
09 Art Objects, Antiques

10 Other Valuables
PERSONAL EFFECTS
11 Clothing/Furs
12 Purses/Handbags/Wallets
13 Other Personal Effects
HOUSEHOLD ITEMS
14 Household Items
EQUIPMENT
15 Drug/Narcotic Equip.
16 Gambling Equipment
17 Computer Hardware/Soft.
18 Office Equipment
19 Stereo TV Equip.
20 Recordings-Audio Visual
21 Sports Equipment

22 Photographic Equipment
23 Farm Equipment
24 Heavy Construction/Industrial
25 Building Supplies-Const.
26 Tools
27 Vehicle Parts/Accessories
57 Aircraft Parts/Accessories
28 School Supplies
58 Artistic Supplies/Accessories
59 Camping/Hunting/Fishing Equipment/Supplies
67 Law Enforcement Equip.
68 Lawn/Yard/Garden Equip.
69 Logging Equipment
70 Medical/Medical Lab Equip.

72 Musical Instruments
73 Portable Electronic Equip.
74 Watercraft Equip./Parts/Acc.
29 Other Equipment
CONSUMABLE ITEMS
30 Alcohol
31 Drugs/Narcotics
32 Consumable Goods
60 Chemicals
61 Crops
63 Explosives
65 Fuel
ANIMALS
33 Livestock
34 Household Pets

VEHICLES
35 Aircraft
36 Automobiles
37 Bicycles
38 Buses
39 Trucks
40 Trailers
41 Watercraft
42 Recreational Vehicle
43 Other Motor Vehicle
WEAPONS
44 Firearms
45 Other Weapons
64 Firearm Accessories

STRUCTURES
46 Single Occupancy
47 Other Dwellings
48 Commercial/Business
49 Industrial/Manufacturing
50 Public/Community
51 Storage
52 Other Structure
OTHER
53 Merchandise
54 Other Property
55 Pending Inventory
66 Identity-Intangible
71 Metals, Non-Precious

| REPORTING OFFICER PO. P. Fields | BADGE NO. 878 | DATE 08/15/2023 |
|---|---|---|
| APPROVING OFFICER Sgt. J. Robertson | BADGE NO. 820 | DATE 08/21/2023 |

# SUSPECT/ARREST SUPPLEMENT

**ARRESTING AGENCY** MONROE PD

**INCIDENT NUMBER** 23-017717

| VICTIM | OFFENSE | INCIDENT DATE AND TIME |
|---|---|---|
| ROBINSON, COURTNEY J | THEFT WITHOUT CONSENT | 08/11/2023  17:17 |

**NO.** 1 · **ADULT** ☐ **JUVENILE** ☐ **UNKNOWN** ☐

**CHECK APPROPRIATE CATEGORY** ☐ SUSPECT ☐ ARRESTEE ☐ SUSPECT/ARRESTEE ☐ RUNAWAY ☐ MISSING ☐ OTHER _____

**CHARGES FILED?** ☐ Y ■ N

## NAME/DESCRIPTIVES

| NAME (Last, First, Middle) | SSN |
|---|---|
| ABDUL-QAWI, RAHEEM | XXX-XX-0702 |

| ALIAS | GANG AFFILIATION |
|---|---|
|  |  |

| ADDRESS (Street, Apt., City, State, Zip) | PHONE |
|---|---|
| 2044 GEORGIAN D23 LEXINGTON, KY 40504 |  |

| EMPLOYER NAME AND ADDRESS (Street, Apt., City, State, Zip) | PHONE |
|---|---|
|  |  |

| PLACE OF BIRTH | DL#/STATE | | OCCUPATION/SCHOOL |
|---|---|---|---|
|  | A01502261  KY | | |

| *AGE/ D.O.B. 46 | 08/06/1977 | *SEX M | *RACE ■W ☐I ☐U | ☐B ☐A ETHNICITY | *HEIGHT | *WEIGHT | *HAIR BLK | *EYES BRO |
|---|---|---|---|---|---|---|---|---|

| MARITAL STATUS | SCARS, MARKS, TATOOS |
|---|---|
|  |  |

ADDITIONAL DESCRIPTIVES

SUSPECTED OF USING ☐ ALCOHOL ☐ DRUGS   POTENTIAL INJURIES?

*RESIDENT STATUS  1 ☐ RESIDENT   2 ☐ TOURIST   3 ☐ MILITARY   4 ☐ STUDENT   5 ☐ OTHER (explain) _____   U ☐ UNKNOWN

*ARRESTEE WAS ARMED WITH

ARRESTEE ARMED WITH  1. _____ 2. _____ 3. _____

| 99 | NONE | 13B | OTHER FULLY AUTOMATIC FIREARM | 16 | IMITATION FIREARM | 50 | POISON |
|---|---|---|---|---|---|---|---|
| 11 | FIREARM | 14 | SHOTGUN | 17 | SIMULATED FIREARM | 60 | EXPLOSIVES |
| 12 | HANDGUN | 15 | OTHER FIREARM | 18 | BB/PELLET GUN | 65 | FIRE/INCENDIARY DEVICE |
| 12A | AUTOMATIC HANDGUN | 15A | SEMI-AUTOMATIC SPORTING RIFLE | 20 | KNIFE/CUTTING INSTRUMENT | 70 | DRUGS/NARC/SLEEPING PILLS |
| 13 | RIFLE | 15B | SEMI-AUTOMATIC ASSAULT FIREARM | 30 | BLUNT OBJECT | 80 | OTHER WEAPON |
| 13A | FULLY AUTOMATIC RIFLE | 15C | MACHINE PISTOL | | | | |

## ASSOC. PERSONS

| NAME | ADDRESS (Street, Apt., City, State, Zip) | PHONE |
|---|---|---|
| 1 | 1 | 1 |
| 2 | 2 | 2 |

## ARREST INFORMATION

| ARREST/OFFENSE DESCRIPTION | *ARREST/OFFENSE CODE | F/M & DEGREE | WARRANT # | *ARREST LARCENY TYPE |
|---|---|---|---|---|
| 1 | 1. | 1. | 1 | 1. |
| 2 | 2. | 2. | 2 | 2. |
| 3 | 3. | 3. | 3 | 3. |
| 4 | 4. | 4. | 4 | 4. |
| 5 | 5. | 5. | 5 | 5. |

| | |
|---|---|
| 23A | POCKET PICKING |
| 23B | PURSE SNATCHING |
| 23C | SHOPLIFTING |
| 23D | THEFT FROM BUILDING |
| 23E | THEFT FROM COIN-OP MACH. |
| 23F | THEFT FROM MOTOR VEHICLE |
| 23G | MOTOR VEH. PARTS/ACCESS. |
| 240 | THEFT OF MOTOR VEHICLE |
| 23H | OTHER: _____ |

| *ARREST DATE | TIME | ARREST LOCATION (Street, Apt., City, State, Zip) |
|---|---|---|
|  |  |  |

| *INCIDENT TRACKING NUMBER | ARREST DISPOSITION | BAIL $0.00 |
|---|---|---|
| MIRANDA WITNESSED BY: | | TIME READ |

| FINGERPRINTED ☐ Y ☐ N | FINGERPRINT CARD NO. | PHOTOS TAKEN ☐ Y ☐ N | NO. TAKEN | PHOTO ID NO. | FBI/BCI# |
|---|---|---|---|---|---|

| *MULTIPLE ARRESTEE SEGMENTS INDICATOR ☐ COUNT ARRESTEE  ☐ MULTIPLE ARRESTEE INDICATOR  ☐ N/A | *ARREST TYPE | 1 ☐ COMPLAINT  2 ☐ IN-PROGRESS | 3 ☐ WARRANT  4 ☐ SUMMONS | 5 ☐ ORDER OF PROTECTION  9 ☐ OTHER |
|---|---|---|---|---|

## JUVENILE

| JUV. PARENT/ GDN. NOTIFIED ☐ Y ☐ N | DATE/TIME NOTIFIED | NOTIFIED BY | *JUVENILE DISPOSITION | ☐ HANDLED WITHIN THE DEPARTMENT ☐ REFERRED TO OTHER AUTHORITIES |
|---|---|---|---|---|
| PARENT/GUARDIAN NAME AND ADDRESS (Street, Apt., City, State, Zip) | | | RELATIONSHIP | PHONE |
| PARENT/GUARDIAN NAME AND ADDRESS (Street, Apt., City, State, Zip) | | | RELATIONSHIP | PHONE |

## RUNAWAYS/MISSING

| PREVIOUS RUN/MISS. ☐ Y ☐ N | DATE OF LAST CONTACT | DATE OF EMANCIPATION | NCIC # | DATE/TIME ENTERED |
|---|---|---|---|---|
| LAST SEEN WEARING | | | | |

| REPORTING OFFICER | BADGE NO. | DATE |
|---|---|---|
| Det. M. Parker | 853 | 08/23/2023 |
| APPROVING OFFICER | BADGE NO. | DATE |
|  |  |  |
| COURT | | DATE |

11/2005

AO 245B  (Rev. 09/17)   Judgment in a Criminal Case
Sheet 1

# UNITED STATES DISTRICT COURT

Eastern District of Kentucky – Central Division at Lexington

Eastern District of Kentucky
**F I L E D**

JAN 0 9 2018

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br>**v.**<br><br>Raheem Sulaiman Abdul-Qawi<br>AKA: Keith E. Davis | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JUDGMENT IN A CRIMINAL CASE**

Case Number:     5:17-CR-58-JMH-1

USM Number:     21580-032

Robert Michael Murphy
_Defendant's Attorney_

## THE DEFENDANT:

☒ pleaded guilty to count(s)    1 & 4

☐ pleaded nolo contendere to count(s)
which was accepted by the court.

☐ was found guilty on count(s)
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21:841(a)(1) | Distribution of Carfentanil | 09/26/2016 | 1 |
| 18:922(g)(1) | Felon in Possession of a Firearm | 09/30/2016 | 4 |

The defendant is sentenced as provided in pages 2 through ___7___ of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s) 2 & 3                    ☐ is   ☒ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

January 8, 2018
Date of Imposition of Judgment

_Joseph M. Hood_
Signature of Judge

Honorable Joseph M. Hood, Sr. U.S. District Judge
Name and Title of Judge

_January 9, 2018_
Date

AO 245B (Rev. 09/17)   Judgment in a Criminal Case
Sheet 2 - Imprisonment

Judgment — Page   2   of   7

DEFENDANT:          Raheem Sulaiman Abdul-Qawi AKA: Keith E. Davis
CASE NUMBER:        5:17-CR-58-JMH-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

**Ct. 1: 57 Months; Ct. 4: 57 Months concurrent to Count One, for a total term of**
**FIFTY-SEVEN (57) MONTHS**

☒   The court makes the following recommendations to the Bureau of Prisons:

The defendant must participate in a program towards the completion of a GED.
The defendant participate in a job skills and/or vocational training program.
The defendant participate in a substance abuse treatment program, specifically the 500 Hour RDAP.
The defendant be designated to a facility closest to the defendant's home, possibly FCI Manchester.

☒   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district:

    ☐   at _____ ☐ a.m.   ☐ p.m.   on _____ .

    ☐   as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐   before 2 p.m. on _____ .

    ☐   as notified by the United States Marshal.

    ☐   as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/17)  Judgment in a Criminal Case
Sheet 3 - Supervised Release

| | Judgment—Page | 3 | of | 7 |

DEFENDANT: Raheem Sulaiman Abdul-Qawi AKA: Keith E. Davis
CASE NUMBER: 5:17-CR-58-JMH-1

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of :

**Ct. 1: 6 Years; Ct. 4: 3 Years concurrent to Count One, for a total term of SIX (6) YEARS**

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(Check, if applicable.)*
4. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(Check, if applicable.)*
5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*
6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(Check, if applicable.)*
7. ☐ You must participate in an approved program for domestic violence. *(Check, if applicable.)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

| | | Judgment—Page | 4 | of | 7 |

DEFENDANT: Raheem Sulaiman Abdul-Qawi AKA: Keith E. Davis
CASE NUMBER: 5:17-CR-58-JMH-1

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____ Date _____

AO 245B (Rev. 09/17)   Judgment in a Criminal Case
Sheet 3E - Supervised Release

Judgment—Page   5   of   7

DEFENDANT:        Raheem Sulaiman Abdul-Qawi AKA: Keith E. Davis
CASE NUMBER:      5:17-CR-58-JMH-1

# SPECIAL CONDITIONS OF SUPERVISION

1.  You must not purchase, possess, use, distribute or administer any controlled substance or paraphernalia related to controlled substances, except as prescribed by a physician, and must not frequent places where controlled substances are illegally sold, used, distributed or administered.

2.  You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search will be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

3.  You must participate in a substance abuse treatment program and must submit to periodic drug and alcohol testing at the direction and discretion of the probation officer during the term of supervision. Said program may include one or more cognitive behavioral approaches to address criminal thinking patterns and antisocial behaviors. You must pay for the cost of treatment services to the extent you are able as determined by the probation officer.

4.  You must refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing which is required as a condition of release.

5.  Should you not complete a GED while in the custody of the Bureau of Prisons, you are to continue in such a program, as directed by the probation office, as a condition of supervision.

Case 1:23-mi-00982-SKB Doc # 1 Filed 11/30/23 Page 57 of 86 PAGEID # 57
Case 1:23-mi-00982-JMH-PEB Doc # 26 Filed 04/05/18 Page 6 of 7 Page ID # 81

Judgment — Page    6    of    7

DEFENDANT:      Raheem Sulaiman Abdul-Qawi AKA: Keith E. Davis
CASE NUMBER:      5:17-CR-58-JMH-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| **TOTALS** | $ 200.00 ($100/ct) | $ N/A | $ Waived | $ Community Waived |

☐   The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss**** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| **TOTALS** | $ _____ | $ _____ | |

☐   Restitution amount ordered pursuant to plea agreement   $ _____

☐   The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

     ☐   the interest requirement is waived for the   ☐ fine   ☐ restitution.

     ☐   the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (Rev. 09/17)   Judgment in a Criminal Case
Sheet 6 - Schedule of Payments

Judgment — Page   7   of   7

DEFENDANT:        Raheem Sulaiman Abdul-Qawi AKA: Keith E. Davis
CASE NUMBER:      5:17-CR-58-JMH-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A**   ☒   Lump sum payment of $ ___200.00___ due immediately, balance due

      ☐   not later than _____ , or
      ☒   in accordance with   ☐  C,   ☐  D   ☐  E, or   ☒  F below; or

**B**   ☐   Payment to begin immediately (may be combined with   ☐  C,   ☐  D, or   ☐  F below); or

**C**   ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
      _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

**D**   ☐   Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of
      _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a
      term of supervision; or

**E**   ☐   Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from
      imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**   ☒   Special instructions regarding the payment of criminal monetary penalties:

      Criminal monetary penalties are payable to:
      Clerk, U. S. District Court, Eastern District of Kentucky
      101 Barr Street, Room 206, Lexington KY 40507

      **INCLUDE CASE NUMBER WITH ALL CORRESPONDENCE**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

      Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and
      corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☒   The defendant shall forfeit the defendant's interest in the following property to the United States:
      Items listed in the forfeiture allegation of the Indictment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **vs.** | ) | **PRESENTENCE INVESTIGATION REPORT** |
| | ) | |
| | ) | **Docket No.:    0643 5:17-CR-00058-JMH-001** |
| **Raheem Sulaiman Abdul-Qawi** | ) | |
| **AKA** | ) | |
| **Keith E. Davis** | | |

| | |
|---|---|
| **Prepared for:** | The Honorable Joseph M. Hood<br>Sr. U.S. District Judge |
| **Prepared by:** | Michelle L. Studer<br>U.S. Probation Officer<br>United States Courthouse,<br>35 West Fifth Street, Rm 116<br>Covington, KY  41011<br>859-486-2118 |

| **Assistant U.S. Attorney** | **Defense Counsel** |
|---|---|
| Cynthia T. Rieker | Robert Michael Murphy |
| 260 W. Vine Street | 709 Millpond Rd. |
| Suite 300 | Lexington, KY 40514 |
| Lexington, KY 40507-1612 | 859-333-8422 |
| 859-685-4853 | |

| | |
|---|---|
| **Sentence Date:** | January 8, 2018 11:30 AM |

| | |
|---|---|
| **Offense:** | **Count 1**:<br>Distribution of Carfentanil<br>21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(C)<br>*NMT 30 years imprisonment/$2,000,000 fine/term of supervised release of NLT 6 years/Class B Felony*<br>**Count 4**:<br>Felon in Possession of a Firearm<br>18 U.S.C. § 922(g)(1), 18 U.S.C. § 924(a)(2)<br>*NMT 10 years imprisonment/$250,000 fine/term of supervised release of NMT 3 years/Class C Felony* |

| | |
|---|---|
| **Release Status:** | Detained on September 30, 2016 for underlying state offense, which was dismissed.  The defendant's probation was revoked in Fayette County, Kentucky Case No. 14-CR-36 on November 9, 2016.  He was granted parole on this case on June 30, 2017 and released to the federal holder.  In continuous custody since. |

**Date Report Disclosed: December 5, 2017      Date Report Revised: January 8, 2018**

**Detainers:**      None

**Codefendants:**      None

**Related Cases:**      None

**Identifying Data:**

| | | |
|---|---|---|
| **Date of Birth:** | August 6, 1977 (verified) |  |
| **Age:** | 40 | |
| **Race:** | Black | |
| **Hispanic Origin:** | Non-Hispanic origin | |
| **Sex:** | Male | |

**SSN#:**          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
**FBI#:**          220437AB4
**USM#:**          21580-032
**State ID#:**          KY00583824
**PACTS#:**          3569563

**Education:**          No HS Diploma or GED
**Dependents:**          0
**Citizenship:**          U.S. Citizen
**Country of Birth:**          United States
**Place of Birth:**          Lexington, Kentucky

**Legal Address:**          438 Hartley Drive
                                      Nicholasville, Kentucky 40356

**Residence Address:**  438 Hartley Drive
                                      Nicholasville, Kentucky 40356

**Alias(es):**          Also Known As: Davis, Jabo

**Alternate IDs:**          None

Restrictions on Use and Redisclosure of Presentence Investigation Report. Disclosure of this presentence investigation report to the Federal Bureau of Prisons and redisclosure by the Bureau of Prisons is authorized by the United States District Court solely to assist administering the offender's prison sentence (i.e., classification, designation, programming, sentence calculation, pre-release planning, escape apprehension, prison disturbance response, sentence commutation, or pardon) and other limited purposes, including deportation proceedings and  federal investigations directly related to terrorist activities. If this presentence investigation report is redisclosed by the Federal Bureau of Prisons upon completion of its sentence administration function, the report must be returned to the Federal Bureau of Prisons or destroyed. It is the policy of the federal judiciary and the Department of Justice that further redisclosure of the presentence investigation report is prohibited without the consent of the sentencing judge.

## PART A. THE OFFENSE

### Charge(s) and Conviction(s)

1.  On July 30, 2017, the defendant initially appeared before the Court pursuant to a warrant. The Court had initially granted a Writ of Habeas Corpus for the defendant's appearance, but the Kentucky Department of Corrections granted the defendant parole/mandatory reentry supervision on the state case and he was released to the federal holder. After the initial hearing, the defendant was remanded to the custody of the U.S. Marshal pending further orders of the Court.

2.  On October 10, 2017, the defendant pled guilty to two counts of a four-count Indictment. Count 1 charged Distribution of Carfentanil, in violation of 21 U.S.C. § 841(a)(1). Count 1 charges, that on or about September 26, 2016, in Fayette County, in the Eastern District of Kentucky, Raheem Sulaiman Abdul-Qawi, aka Keith E. Davis, did knowingly and intentionally distribute a detectable amount of carfentanil, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1). Count 4 charged Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1). Count 4 charges, that on or about September 30, 2016, in Fayette County, in the Eastern District of Kentucky, Raheem Sulaiman Abdul-Qawi, aka Keith E. Davis, having been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce the following firearms: HY Hunter Firearm, Frontier Six Shooter, .22 caliber, Serial Number 21573, and Smith and Wesson, SW40VE, .40 caliber, Serial Number PBV5016, all in violation of 18 U.S.C. § 924(g)(1).

3.  Pursuant to Rule 11(c)(1)(B), the government agrees to recommend, or agrees not to oppose the defendant's request, that a particular sentence or sentencing range is appropriate or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply. Such a recommendation or request does not bind the Court.

4.  Pursuant to a written plea agreement, the government will recommend a three level reduction for acceptance of responsibility, pursuant to U.S.S.G. §3E1.1. This is conditioned upon the defendant clearly demonstrating acceptance of responsibility for the offense, and the defendant has assisted authorities in the investigation or prosecution of the misconduct by timely notifying authorities of intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.

5.  The defendant agrees to waive all rights conferred by 18 U.S.C. § 3742. Except for ineffective assistance of counsel claims, the defendant also waives the right to collaterally attack the guilty plea, conviction and sentence.

6.  The defendant agrees to forfeit all rights, title and interest in all assets, which are subject to forfeiture, as outlined in the written plea agreement.

4

### The Offense Conduct

7.   The following information was taken from investigative material from the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). According to this report, this investigation began in September of 2016. Special Agent Kelley Hoover was contacted by the Lexington Division of Police (LPD) in regard to an ongoing local investigation of Raheem Abdul-Qawi, a convicted felon, who trafficked heroin and/or fentanyl analogs on September 26, 2016 and September 29, 2016, and who had discussed with a LPD Confidential Informant (CI) about selling the CI a full ounce of heroin and a firearm the following week.

8.   According to the LPD Report, on September 26, 2016, LPD Detectives, met with the CI so that the CI could purchase 1 gram of heroin from Abdul-Qawi for $160. The CI placed a recorded call to Abdul-Qawi and made arrangement to meet for the purchase. The CI was searched and provided with recording/transmitting equipment and buy money. The CI traveled to the arranged meeting place and was observed meeting with Abdul-Qawi. Abdul-Qawi was observed operating a primer grey vehicle bearing KY tag "941 PNE". The CI got into the front passenger seat of Abdul-Qawi's vehicle and then exited a short time later.  The CI met with detectives following the transaction and the CI provided them with .89 grams of suspected heroin.  The suspected heroin was submitted to the Kentucky State Police (KSP) laboratory for testing and found to contain .567 grams of carfentanil.

9.   On September 29, 2017, LPD representatives met with the CI for the purpose of a controlled purchase of 1 gram of heroin from Abdul-Qawi for $160. The CI placed recorded calls to Abdul-Qawi to schedule the purchase. The purchase was originally arranged to take place at Abdul-Qawi's residence in Lexington. However, when the CI was driving to Abdul-Qawi's residence, Abdul-Qawi called and changed the meeting location to his grandmother's house, also in Lexington, Kentucky. Abdul-Qawi was observed arriving at the location a short time later and the CI got into the front passenger seat of Abdul-Qawi's vehicle. A short time later, the CI exited the vehicle and returned to the CI's own vehicle. LPD met with the CI and the CI provided detectives with approximately 1.1 grams of suspected heroin. The suspected heroin was submitted to the KSP laboratory for testing and found to contain .757 grams of fentanyl.

10.  On September 30, 2016, LPD representatives utilized the CI to contact Abdul-Qawi to arrange the purchase of approximately $600 in heroin, with the intent of placing Abdul-Qawi under arrest when he arrived. The CI contacted Abdul-Qawi to place the order and they agreed to meet at a local Waffle House for the controlled purchase. The CI traveled at the agreed location. While waiting for Abdul-Qawi, the CI was contacted by him and informed he would be sending "his stripper" to meet with the CI instead. The CI continued speaking with Abdul-Qawi about the arrangement and Abdul-Qawi agreed to meet with the CI himself. A short time later, Abdul-Qawi was observed pulling into the Waffle House parking lot. Detectives also observed a white/female in the front passenger seat. The CI identified Abdul-Qawi as the same individual that the CI had previously purchased heroin from.  Abdul-Qawi was placed under arrest and identified at Raheem Sulaiman Abdul-Qawi.  The white/female passenger was identified as Brittany Rachelle Risner.

11.     Both Abdul-Qawi and Risner were advised of their Miranda rights and acknowledged that they understood those rights.  Risner acknowledged that she understood those rights and advised that she had traveled with her boyfriend to Waffle House while he conducted a drug transaction involving the sale of heroin.  She stated that Abdul-Qawi had originally wanted her to conduct the transaction, but she refused.   A search incident to arrest found suspected heroin, weighing approximately 5.8 grams, concealed in a Newport cigarette box in the vehicle.  A paper bindle containing approximately 1.8 grams of suspected heroin and approximately 1.7 grams of suspected marijuana was located in Risner's purse. Additionally, $3,393.00 in U.S. currency was located on Abdul-Qawi's person.   Risner informed that the suspected marijuana and heroin located in her purse belonged to her, and that the suspected heroin in the cigarette box belonged to Abdul-Qawi and that was what he was planning to deliver at the Waffle House.

12.     Abdul-Qawi was transported to LPD Headquarters to be interviewed by detectives.  During the recorded interview, Abdul-Qawi confessed to traveling to the Waffle House to sell narcotics and also admitted to selling narcotics previously.  He also informed the detective that there were two firearms, methamphetamine and heroin located in his residence, agreeing to show detectives where the items were located.  He also agreed to a search of the residence.

13.     Upon arrival at Abdul-Qawi's residence, detectives encountered David Caudill and his girlfriend, Heather Bell, who were staying with Abdul-Qawi. Abdul-Qawi then took detectives to show them where the narcotics and firearms were located in the residence. However, each place shown to detectives was found not to contain either the drugs or the firearms.  Caudill also told detectives that he did not know the location of any firearms or narcotics in the residence. It was then learned that Abdul-Qawi concealed his drugs and weapons in fixtures within the residence.  A search of the residence later revealed the following: approximately 4.5 grams of suspected marijuana hidden in the doorbell box inside the residence; a Smith & Wesson, handgun, .40 caliber, Serial Number PBV5016, hidden inside a portable radio in the second spare bedroom which was loaded with 12 rounds of .40 caliber ammunition; a Frontier revolver, .22 caliber, Serial Number 21573, hidden in a female's purse, hanging on the wall in the second bedroom; approximately .5 grams of suspected crystal methamphetamine, located on a TV stand in the second bedroom; $4,500.00 in U.S. Currency, located in an envelope which was taped to the back of a mirror in Abdul-Qawi's bedroom; approximately 2 grams of suspected heroin hidden behind the switch plate of the light in Abdul-Qawi's bedroom; a crack pipe located in the second bedroom; and, small plastic baggies with devil characters on them located on top of the dresser in Abdul-Qawi's bedroom. The substances were submitted to the KSP laboratory for testing and were found to contain 1.713 grams of cocaine and 1.70 grams of methamphetamine.

14.     On October 13, 2016, a Special Agent with the ATF interviewed the CI in this matter.  The CI had known Abdul-Qawi for approximately 1 year and referred to him as "Jabo".  The CI provided background information as to how he/she had come to know Abdul-Qawi. The CI also provided that he/she had stayed at Abdul-Qawi's residence in the past and that during that time, knew Abdul-Qawi was selling "dope" and was also selling it at his house down the street in case he got "raided".  The CI was asked about Abdul-Qawi's alleged

ISIS ties that the CI had previously reported to detectives. The CI recalled a previous conversation with Abdul-Qawi in which he told the CI he had lost contact with his ISIS connection (a female) who lived in another country. Abdul-Qawi also told the CI that he was concerned something had happened to this woman. The CI recalled that this conversation took place in July 2016. The CI also provided that in May 2016, Abdul-Qawi asked the CI how he/she felt about blowing up the courthouse. The CI stated that he/she told Abdul-Qawi that his question was not funny and that he could get into a lot of trouble.

15. On October 14, 2016, a Special Agent with the ATF interviewed Brittany Risner. Risner stated she met "Jabo" at a strip club, Cowboys, where she works, a few weeks prior to his arrest on September 30, 2016. When Risner first met Abdul-Qawi, she stated that he gave her and another one of the girls she works with a ride home. Risner inquired about buying some heroin from Abdul-Qawi and stated that they went to his residence and she purchased $30 of heroin from Abdul-Qawi. They then dropped the other girl off and Risner and Abdul-Qawi exchanged numbers and Abdul-Qawi told Risner he could get her as much "dope", specifically heroin and "ice" (referring to methamphetamine), as she wanted. He additionally told her that he had access to "good dope" and instructed her to be careful about how much she used because it was so good. Risner provided that she got heroin from Abdul-Qawi on a daily basis. She stated she would purchase ½ grams and on a couple of occasions she would purchase 1 gram amounts. She also recalled Abdul-Qawi getting the narcotics out in front of her at his house and weighing them and that on approximately 20 occasions, Abdul-Qawi had narcotics in the car with him, normally hidden in the ceiling or driver's side door. Risner also stated that during the few weeks she dated him, she rode with him as he made narcotic deliveries to customers. On a normal day, she would ride with him as he made between four and ten deliveries. She knew him to be delivering both methamphetamine and heroin to people and recalled most deliveries were for smaller "user" amounts, but that some deliveries were up to three grams. When asked about the firearms, Risner acknowledged that she had seen the firearms on a couple of occasions and recalled Abdul-Qawi telling her he traded "dope" for one of them.

16. During the course of the investigation, David Caudill and Heather Bell were interviewed by a Special Agent with ATF. They both acknowledged that they had known Abdul-Qawi for the past 3 or 4 years and that they had lived at the residence for approximately the last year. Caudill and Bell both admitted that they knew Abdul-Qawi was selling both "ice" and heroin. They recalled they moved into the residence around March 2016. Bell admitted that Abdul-Qawi had shown her and Caudill the Smith &Wesson gun and she observed him place it in the CD player and put in the bedroom where she and Caudill slept. She recalled that Abdul-Qawi obtained the second firearm, a revolver, a few days prior to his arrest from a female unknown to Bell. Bell described Abdul-Qawi as a person who "supplied my habit" and Caudill admitted to using methamphetamine, but denied ever purchasing narcotics from Abdul-Qawi.

17. Pursuant to the written plea agreement, Abdul-Qawi was convicted most recently for Possession of a Controlled Substance First Degree, in Fayette County Circuit Court in March 2014. He was prohibited from possessing a firearm.

### Victim Impact

18.    While society, in general, is a victim to drug trafficking crimes, there is no method which could be used to identify specific victims or the loss they incurred as a result of this criminal activity. For certain drug offenses committed on or after November 1, 1997, 18 U.S.C. § 3663(c) and U.S.S.G. §5E1.1(d) provides for community restitution where there is no identifiable victim, but the offense causes "public harm." Therefore, no victims can be identified in this offense and restitution is neither appropriate nor practical.

### Adjustment for Obstruction of Justice

19.    The probation officer has no information indicating the defendant impeded or obstructed justice.

### Adjustment for Acceptance of Responsibility

20.    The defendant admitted before the Court both his responsibility for and participation in the instant offense. Based upon his statements to the Court, he has accepted responsibility for his criminal actions as defined in U.S.S.G. §3E1.1. Consequently, his guidelines will be adjusted accordingly.

### Offense Level Computation

21.    The 2016 Guidelines Manual, incorporating all guideline amendments, was used to determine the defendant's offense level, pursuant to U.S.S.G. §1B1.11. Pursuant to the grouping rules found at U.S.S.G. §3D1.2(c) and §3D1.3(a), Counts one and four are groupable and Count four results in the highest offense level. Therefore, Count four has been used to calculate the guidelines.

### Count 4: Felon in Possession of a Firearm

22.    **Base Offense Level:** The guideline for 18 U.S.C. § 922(g)(1) offenses is found in U.S.S.G. §2K2.1 of the guidelines. This section provides that an offense involving the possession of a firearm subsequent to sustaining a felony conviction for a controlled substance offense, has a base offense level of 20, pursuant to U.S.S.G. §2K2.1(a)(4)(A). **20**

23.    **Specific Offense Characteristics:** None. **0**

24.    **Victim Related Adjustment:** None. **0**

25.    **Adjustment for Role in the Offense:** None. **0**

26.    **Adjustment for Obstruction of Justice:** None. **0**

27.    **Adjusted Offense Level (Subtotal):** **20**

28.    **Chapter Four Enhancement:** None. **0**

29. **Acceptance of Responsibility:** Pursuant to U.S.S.G. § 3E1.1(a), because the defendant clearly demonstrates acceptance of responsibility and (b), timely provided complete information to the government concerning his/her own involvement in the offense and/or timely notified authorities of intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently, the offense level is reduced by three levels.                                                                          **-3**

30. **Total Offense Level:**                                                                 **17**

## PART B. THE DEFENDANT'S CRIMINAL HISTORY

*The following juvenile information was obtained from the defendant's 2014 State Presentence Investigation Report.*

**Juvenile Adjudication(s)**

| | **Date of Referral** | **Charge/Court** | **Date Sentence Imposed/Disposition** | **Guideline** | **Pts** |
|---|---|---|---|---|---|
| 31. | 04/13/1992 (Age 14) | Ct. 1) Receiving Stolen Property Ct. 2) Burglary 2nd Ct. 3) Burglary 3rd Ct. 4) Contempt of Court/Fayette County Juvenile Court, Lexington, KY | Ct. 1) Merged. Ct. 2) Probated. Ct. 3) Probated. Ct. 4) 30 days suspended. | 4A1.2(e)(3) | 0 |
| 32. | 07/11/1992 (Age 14) | Ct. 1) Receiving Stolen Property (Auto) Ct. 2) Carrying Concealed Deadly Weapon/Fayette County Juvenile Court, Lexington, KY | Ct. 1) Probated. Ct. 2) Dismissed. | 4A1.2(e)(3) | 0 |
| 33. | 12/03/1992 (Age 15) | Ct. 1) Assault 4th Degree Ct. 2) Truancy/ Fayette County Juvenile Court, Lexington, KY | Unknown disposition. | 4A1.2(e)(3) | 0 |

9

| 34. | 03/18/1993 (Age 15) | Contempt (Truancy)/ Fayette County Juvenile Court, Lexington, KY | Probation continued. | 4A1.2(e)(3) | 0 |
| 35. | 06/04/1993 (Age 15) | Burglary 3rd Degree/ Fayette County Juvenile Court, Lexington, KY | CHR supervision. | 4A1.2(e)(3) | 0 |
| 36. | 07/26/1993 (Age 15) | Contempt/ Fayette County Juvenile Court, Lexington, KY | 3 days detention. | 4A1.2(e)(3) | 0 |
| 37. | 08/30/1993 (Age 16) | Probation Violation (Left home)/ Fayette County Juvenile Court, Lexington, KY | Serve 3 weekends in detention. | 4A1.2(e)(3) | 0 |
| 38. | 02/15/1994 (Age 16) | Probation Violation (Alcohol at school)/ Fayette County Juvenile Court, Lexington, KY | 30 days detention, suspended. | 4A1.2(e)(3) | 0 |
| 39. | 02/25/1994 (Age 16) | Ct. 1) Contempt Ct. 2) Criminal Mischief, 3rd Degree/ Fayette County Juvenile Court, Lexington, KY | Ct. 1) 30 days detention, suspended. Ct. 2) 30 days detention, suspended. | 4A1.2(e)(3) | 0 |
| 40. | 03/18/1994 (Age 16) | Ct. 1) Criminal Mischief 3rd Degree Ct. 2) Terroristic Threatening Ct. 3) Wanton Endangerment 1st Degree/Fayette County Juvenile Court, Lexington, KY | Ct. 1) 15 days detention. Ct. 2) 15 days detention. Ct. 3) Dismissed. | 4A1.2(e)(3) | 0 |

| 41. | 04/20/1994 (Age 16) | Probation Violation/ Fayette County Juvenile Court, Lexington, KY | 10 days detention. | 4A1.2(e)(3) | 0 |
| 42. | 09/30/1994 (Age 17) | Ct. 1) Menacing Ct. 2) Resisting Arrest Ct. 3) Probation Violation/Fayette County Juvenile Court, Lexington, KY; | Ct. 1) 10 days detention. Ct. 2) 10 days detention. Ct. 3) CHR custody. | 4A1.2(e)(3) | 0 |
| 43. | 03/28/1995 (Age 17) | Ct. 1) Sexual Misconduct Ct. 2) Harassment/ Fayette County Juvenile Court, Lexington, KY | Ct. 1) 30 days detention. Ct. 2) No disposition. | 4A1.2(e)(3) | 0 |
| 44. | 06/16/1995 (Age 17) | Assault 2nd Degree (2 counts)/Fayette County Juvenile Court, Lexington, KY | 30 days each count, $755 restitution. | 4A1.2(e)(3) | 0 |

45.    Aside from the above, the defendant has also cited as a juvenile for Habitual Runaway on February 11, 1992 and Assault 4th Degree on February 28, 1994. Both were dismissed.

### Adult Criminal Conviction(s)

| | **Date of Arrest** | **Conviction/Court** | **Date Sentence Imposed/Disposition** | **Guideline** | **Pts** |
|---|---|---|---|---|---|
| 46. | 12/19/1995 (Age 18) | Ct. 1) Trafficking in a Controlled Substance, 1st Offense, Cocaine Ct. 2) Trafficking in Marijuana, Less Than 8 oz./Fayette County Circuit Court, Lexington, KY; Docket No.: 95-CR-01107 | 02/26/1996: Ct. 1) 5 years prison, 11 day jail credit, concurrent. Ct. 2) 12 months jail, concurrent. 06/03/1996: Shock probation - 5 years supervised probation. 05/06/1997: Probation violation - 5 years prison. 11/18/2000: Discharged. | 4A1.2(e)(3) | 0 |

The defendant was represented by Public Advocate Todd Bradbury in this matter. According to Court records, the defendant sold cocaine and marijuana to a police informant. The defendant's shock probation was revoked when he was convicted of a new offense.

| | | | | | |
|---|---|---|---|---|---|
| 47. | 03/21/1997 (Age 19) | Trafficking in Marijuana, Less Than 8 oz./Fayette County District Court, Lexington, KY; Docket No.: 97-F-02896 | 04/10/1997: Guilty; 60 days jail, confiscate money and drugs, $62.50 court costs. | 4A1.2(e)(3) | 0 |

The defendant was represented by retained Counsel Marcel Radomile. The defendant was originally charged with Trafficking Within 1,000 Yards of a School. This was amended to the above. According to the citation, the defendant was observed walking with an open container of alcohol. When he saw the officers he ran the other direction. When stopped, he advised he had a toy gun in his pants. Upon removing the gun he was asked if he had anything else and he advised he had marijuana in his right pocket. The defendant had approximately 5 grams and $377 in cash on his person.

| | | | | | |
|---|---|---|---|---|---|
| 48. | 07/10/2001 (Age 23) | Ct. 1) Robbery, 2nd Degree Ct. 2) Assault, 2nd Degree Ct. 3) Persistent Felony Offender/Fayette County Circuit Court, Lexington, KY; Docket No.: 01-CR-907-002 | 02/13/2002: Ct. 1) Guilty; 10 years prison, $225.21 court costs, credit for 212 days. Ct. 2) Guilty; 10 years prison, concurrent. Ct. 3) Enhanced. 10/01/2007: Discharged from sentence. | 4A1.1(a) | 3 |

The defendant was represented by Public Advocate Gene Lewter. The original charge of Robbery 1st Degree was amended to the above count one. According to the criminal complaint, the victim stated that the defendant stole a bracelet, gold ring, and his shoes by force. The victim advised another subject was with the defendant and assisted in the robbery. The victim advised as he fled in his vehicle, the defendant fired three shots at him from a gun. The three shots struck the vehicle and one shot struck the victim in the back of the head, resulting in minor injury.

| | | | | | |
|---|---|---|---|---|---|
| 49. | 03/29/2008 (Age 30) | Resisting Arrest/ Fayette County District Court, Lexington, KY; Docket No.: 08-M-03215 | 05/01/2008: Guilty; 7 days jail, $149 court costs. | 4A1.2(c)(1) | 0 |

The defendant was represented by retained Counsel Errol Cooper. The charges of Disorderly Conduct and Menacing were merged to the above.

| | | | | |
|---|---|---|---|---|
| 50. | 01/07/2009 (Age 31) | Use/Possess Drug Paraphernalia, 1st Offense/Fayette County Circuit Court, Lexington, KY; Docket No.: 09-CR-427 | 06/24/2009: Guilty; 6 months jail, 6 months suspended, 2 years supervised probation, concurrent, $155 court costs, community service and GED. | 4A1.1(c) | 1 |

The defendant was represented by Erroll Cooper in this matter. An original charge of Convicted Felon in Possession of a Handgun and Probation Violation were dismissed. According to the Indictment, the defendant unlawfully possessed a Rover MP-25. 25 caliber handgun, having been previously convicted of a felony in Fayette County in 2002. The defendant also unlawfully possessed scales, drug paraphernalia, used to weigh or measure controlled substances.

| | | | | |
|---|---|---|---|---|
| 51. | 09/04/2009 (Age 32) | Assault 4th Degree/ Fayette County District Court, Lexington, KY; Docket No.: 09-M-09837 | 11/16/2009: Guilty; 10 days jail, $154 court costs. | 4A1.1(c) | 1 |

The defendant was represented by Matthew Boyd. According to the arrest warrant, the victim was sitting in her vehicle when the defendant pulled up in a 1986 Cutlass Olds. The defendant approached the vehicle and struck the victim in the face several times with a closed fist causing bruising to the face. The victim moved over to the passenger side of the vehicle to avoid being hit, but the defendant moved to that side, striking the victim in the face and head and causing a laceration to the forehead requiring stitches. When the victim exited the vehicle, the defendant continued striking the victim, knocking the victim to the ground. The defendant then fled the scene.

| | | | | |
|---|---|---|---|---|
| 52. | 04/21/2010 (Age 32) | Violation of Noise Ordinance/Fayette County District Court, Lexington, KY; Docket No.: 10-M-4499 | 05/10/2010: Guilty; $154 court costs, $50 fine. | 4A1.2(c)(2) | 0 |
| 53. | 11/14/2011 (Age 34) | Criminal Trespass, 1st Degree/Fayette County District Court, Lexington, KY; Docket No.: 11-M-12329 | 03/15/2012: Guilty; $154 court costs, $100 fine. | 4A1.2(c)(1) | 0 |

According to the citation, the defendant was trespassing on a vacant property. When confronted by police he admitted he had been at the location prior that date and was scrapping and selling stuff from the property trying to make some money.

| 54. | 03/15/2012 (Age 34) | Assault 4th Degree/ Fayette County District Court, Lexington, KY; Docket No.: 12-F-00780 | 03/28/2012: Guilty; 60 days jail. | 4A1.1(b) | 2 |

The above charge was amended from Assault 3rd Degree. The defendant was represented by a Public Advocate. According to the citation, the defendant was being placed back into his jail cell when he became combative and struck the officer in the stomach with his fist.

| 55. | 11/13/2013 (Age 36) | Ct. 1) Possession of a Controlled Substance Ct. 2) Tampering with Physical Evidence Ct. 3) Fleeing or Evading Police Ct. 4) Resisting Arrest Ct. 5) Criminal Mischief, 3rd Degree/ Fayette County Circuit Court, Lexington, KY; Docket No.: 14-CR-36 | 01/18/2014: Ct. 1) Guilty; 2 years prison, 2 years suspended, 5 years' probation, restitution, $470 court costs. Ct. 2) 1 year prison, 1 year suspended, consecutive. Ct. 3) 12 months jail, 12 months suspended, concurrent. Ct. 4) 30 days jail, 30 days suspended, concurrent. 10/17/2016: Probation Violation 11/09/2016: 3 year's prison, consecutive. 06/30/2017: Paroled to federal holder. | 4A1.1(a) | 3 |

The defendant was represented by Brandon Stevens. A charge of Trafficking in a Controlled Substance, 1st Degree was amended to the above Count one. According to the Indictment, the defendant was pointed out by Save A Lot staff as being involved in shoplifting. Upon approaching, the defendant dropped something in the garbage can at Legends Stadium. The defendant then fled on foot from the officer and resisted arrest by refusing to give his hands up when the officer attempted to place the defendant in custody. Four baggies of heroin were located on the ground at the garbage can. According to the Kentucky Department of Corrections, the defendant's parole does not expire until February 9, 2018.

14

**Criminal History Computation**

56. The criminal convictions above result in a subtotal criminal history score of 10.

57. The defendant committed the instant offense while under a criminal justice sentence for Fayette County Circuit Court, Lexington, KY; Docket No.: 14-CR-36; therefore, two points are added, pursuant to U.S.S.G. §4A1.1(d).

58. The total criminal history score is 12. According to the sentencing table in U.S.S.G. Chapter 5, Part A, a criminal history score of 12 establishes a criminal history category of V.

**Other Criminal Conduct**

| | **Date of Arrest** | **Charge** | **Agency** | **Disposition** |
|---|---|---|---|---|
| 59. | 12/14/2007 (Age 30) | Criminal Possession of a Forged Instrument; Docket No.: 07-F-04142 | Fayette County District Court, Lexington, KY | 02/19/2008: Dismissed. |
| 60. | 04/06/2008 (Age 30) | Ct. 1) Possession of Marijuana Ct. 2) Use/Possess Drug Paraphernalia; Docket No.: 08-M-3536 | Fayette County District Court, Lexington, KY | 05/01/2008: Both counts dismissed. |

| 61. | 09/30/2016 (Age 39) | Ct. 1) Trafficking in a Controlled Substance, Fentanyl<br>Ct. 2) Felon in Possession of a Firearm<br>Ct. 3) Trafficking in a Controlled Substance, Methamphetamine<br>Ct. 4) Trafficking in a Controlled Substance, Drug Unspecified<br>Ct. 5) Trafficking in a Controlled Substance, Cocaine<br>Ct. 6) Trafficking in a Controlled Substance, Fentanyl<br>Ct. 7) Possession of a Marijuana<br>Ct. 8) Persistent Felony Offender; Docket No.: 16-CR-01144 | Fayette County Circuit Court, Lexington, KY | 05/30/2017: All counts dismissed. |
|-----|----|----|----|----|

This offense is directly related to the instant federal offense.

62. The defendant has numerous traffic violations in Fayette County, Kentucky. These include Speeding (01-T-9163 - fine and court costs); Failure of Owner to Maintain Required Insurance (01-T-10058 - fine and court costs); Instructional Permit Violations (08-T-26801 - dismissed); Failure to Wear Seat Belts and Excessive Window Tinting (09-T-13218 - dismissed); Failure to Wear Seat Belts (09-T-27435 - fine and court costs); Failure to Wear Seat Belts (10-T-02739- fine and court costs); Failure to Signal, Failure to Wear Seat Belts and Failure to Notify DOT of a Change in Address (10-T-08388 - $25 fine, other counts dismissed); Failure to Wear Seat Belts (11-T-06166 - $25 fine); Failure to Wear Seat Belts (14-T-24526 - $25 fine); Rear License Not Illuminated (16-T-09579 - dismissed); Speeding (16-T-17335 - fine and court costs); and, Failure to Illuminate Head Lamps (16-T-19096 - dismissed).

63. On October 28, 2010 an Order for Emergency Protection was issued on behalf of Angela Mae Hendrix. This order was dismissed on November 15, 2010.

## PART C. OFFENDER CHARACTERISTICS

### Personal and Family Data

64.    Raheem Sulaiman Abdul-Qawi (born Keith Emanuel Davis) was born on August 6, 1977 in Lexington, Kentucky to Manuel Woolfork and Lorraine Davis.  The defendant's father is deceased as of a result of cancer in 1992.  He previously worked as an auto mechanic.  The defendant's mother lives at the address provided by the defendant and worked in housekeeping at hotels.  She currently provides care for her father, Elmer Davis, age 84.

65.    The defendant states that his parents never married and he could not remember a time when they were together.  He states that he primarily lived with his mother, but that he would stay with his paternal grandmother and see his father at her house.  He states that his father was active in his life, but he died when the defendant was 12 years old and he had no real male role model.  He explained that after his father died he was very upset and started getting into trouble.  He said that his mother had boyfriends around and some he remains friends with, but no male figure to teach him.  An attempt to contact the defendant's mother was unsuccessful.

66.    The defendant has never been married.  He has a son, Keith Lamb, age 22, with Shannon Lamb.  Keith went into foster care in 1998.  The defendant states that Shannon must have lost her rights at some point and he eventually gave up his parental rights.  He states that Rida and Moe Lamb raised Keith in Winchester, Kentucky.  The defendant states that his relationship with Keith suffered over the years due to his past periods of incarceration.  He states he was more like a friend to Keith than a father and that he last had contact with him a week before his arrest.

67.    The defendant reported a close relationship with Charles Reeves, age 23.  He explained that he met Charles while dating his mother, Angela Hendrix, for approximately 9 years.  He states he considers Charles a step-son and that he developed a relationship with him while involved with his mother and due to Charles' father's lack of involvement.  He states he treats him like a son.  He reports that Charles is also in some trouble at present.

68.    In regard to his plans for the future, the defendant states he would like to take some classes while in custody and also participate in any substance abuse, parenting and vocational classes or programs he is eligible.  He wants to better himself so he can help others and also wants to be a better parent.  He hopes to return to work at Yellow Duck Paining in Lexington, Kentucky when he is released.  If he cannot return to this job then he plans to work as a contractor, doing dry wall/construction jobs.  He explained he wants to make sure he has a job to stay busy.

69.    It should be noted that the defendant denied any current gang affiliation.  He admits he was a member of the Gangster Disciples when he was younger, but has had no involvement in the gang since 1995.  He states in 1998 he took the "oath" and converted to Muslim.  He changed his name at that time.

**Physical Condition**

70.     Raheem Sulaiman Abdul-Qawi is a 40 year old black male standing 5'7" and weighing 175 pounds.  He has brown eyes and black hair.  The defendant reports he is in good health with no allergies to food or medication.  He observes dietary restrictions consistent with his religion.  He reported the following tattoos: skulls, spider webs, "Angela Mae", and a clown on his right arm; Demons, "J", wizards, and a skull on his left hand and arm; Chinese symbol on his left hand; "G" with wings on his chest; Angela in Chinese on the right side of his neck; a heart with a 7 in the middle with wings on his right arm; money with a pitch fork on his arm; and, a demon with flames on the right side of his abdomen.  The defendant also has a pierced e left earlobe and his tongue is pierced.

**Mental and Emotional Health**

71.     The defendant has no history of mental or emotional problems and no history of treatment for such problems.

**Substance Abuse**

72.     The defendant states that he first used alcohol and marijuana at the age of 16.  He last consumed alcohol approximately 2 days prior to his arrest for the instant offense.  He reports he consumes approximately 2 mixed (vodka) drinks on the weekends.  He last used marijuana in 2003 while in prison.  He states he used pretty consistently when he was younger, but that it made him sleepy.  At the age of 25, he began to use cocaine.  He used approximately 3 grams a week for a period of approximately a month at his heaviest.  He states that he had an issue with cocaine for a while and recognized that cocaine was a huge problem for him.  He said that he would sell everything for cocaine. He also stated that he was on probation and didn't want to go back to prison.  He acknowledges that he lost too much to drugs, things he worked hard for, like his job, etc.

73.     The defendant states that he participated in a reentry program while in custody at the Fayette County jail and that he also participated in AA/NA classes while on supervision in the past.  The defendant states that he has been clean for the past 6 years with the exception of consuming alcohol and that his involvement in this offense was selling drugs, not using them.  He further provided that he was never revoked for a positive drug screen while on probation/parole.

**Educational, Vocational and Special Skills**

74.     The defendant attended Henry Clay High School in Lexington, Kentucky until the 11th grade, at which time he was committed to the State and placed in a boot camp.  He reportedly worked on his GED, but never completed.  He explained that he was in the program while in custody in the past and would like to obtain his GED.  The defendant is skilled in dry wall, painting, masonry, and culinary arts.

### Employment Record

75.     The defendant reported he was most recently employed from June 2013 to July 20, 2016 with Yellow Duck Painting, LLC in Lexington, Kentucky.  He states he was contracted with Dennis Anderson as a crew leader making $10 to $13 an hour.  He said that Mr. Anderson owns several communities and that he does paint work for him.  According to Yellow Duck, the defendant began employment with their company in July 2014 and last was employed in August 2016.  They report he was terminated because of a lack of work.  They did not comment as to whether they would consider rehiring the defendant.

76.     The defendant also reported working for Winner Circle Painting for a couple of months in 2016.  In 2011 and 2012, he reported working for Aramark at the Applebee's concession at the Lexington Legends stadium.  He lost this job when the management changed.   In 2012, he reports working for Senora Properties which is based out of Arizona.  He states he worked for Senora in Ohio and Kentucky preparing foreclosed properties for sale.  He advised he was paid by check.  In 2012, he also reported working for Ramada Inn in Lexington, Kentucky as a housekeeper assistant making $8 an hour.  In 2008 and again in 2010, the defendant worked for the Dollar Tree in Lexington, Kentucky as a stocker/truck unloader.  He states he would work seasonally.  The defendant reported that he has had interruptions in his employment due to incarcerations.   (Verifications on some of the above employment have not been returned as of this writing and others indicate no record of the defendant.)

### Financial Condition: Ability to Pay

77.     The defendant has been in custody since September 30, 2016 and has no income at this time.  He reports his only asset as a 1991 Cutlass Sierra worth approximately $800.  Based on his current financial situation a fine and community restitution are not recommended.  A special assessment of $100 per count is mandatory.

## PART D. SENTENCING OPTIONS

### Custody

78.     **Statutory Provisions:** Count 1: The maximum term of imprisonment is 30 years, pursuant to 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(C) and 21 U.S.C. § 851. Count 4: The maximum term of imprisonment is 10 years, pursuant to 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2).

79.     **Guideline Provisions:** Based upon a total offense level of 17 and a criminal history category of V, the guideline imprisonment range is 46 months to 57 months.

### Impact of Plea Agreement

80.     The written plea agreement has had no impact on the determination of the advisory guidelines.

**Supervised Release**

81.  **Statutory Provisions:** Count 1: The Court must impose a term of supervised release of at least six years, pursuant to 21 U.S.C. § 841(b)(1)(C). Count 4: The Court may impose a term of supervised release of not more than three years, pursuant to 18 U.S.C. § 3583(b)(2).

82.  Multiple terms of supervised release shall run concurrently, pursuant to 18 U.S.C. § 3624(e).

83.  **Guideline Provisions:** Count 1: The guideline range for a term of supervised release is six years, pursuant to U.S.S.G. §5D1.2(c). Count 4: Since the offense is a Class C Felony, the guideline range for a term of supervised release is 1 year to 3 years, pursuant to U.S.S.G. §5D1.2(a)(2).

*In certain cases, the nature of the instant offense and/or an offender's background and characteristics may justify the imposition of special conditions geared toward limiting some particular risk occasioned by said offense, background, or characteristic. The Courts in the Eastern District of Kentucky typically impose a set of special conditions, including but not limited to, the following:*

You must not purchase, possess, use, distribute or administer any controlled substance or paraphernalia related to controlled substances, except as prescribed by a physician and must not frequent places where controlled substances are illegally sold, used, distributed or administered.

You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1), other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer. Failure to submit to a search will be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

You must participate in a substance abuse treatment program and must submit to periodic drug and alcohol testing at the direction and discretion of the probation officer during the term of supervision. You must pay for the cost of treatment services to the extent you are able as determined by the probation officer.

You must refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing which is required as a condition of release.

**Probation**

84.  **Statutory Provisions:** Count 1: The defendant is ineligible for probation because it is expressly precluded by statute, pursuant to 18 U.S.C. § 3561(a)(2). Count 4: The defendant is ineligible for probation because the defendant will be sentenced at the same time to a term of imprisonment for the same or a different offense, pursuant to 18 U.S.C. § 3561(a)(3).

85.  Multiple terms of probation shall run concurrently, pursuant to 18 U.S.C. § 3564(b).

86.  **Guideline Provisions:** Count 1: The defendant is ineligible for probation because probation has been expressly precluded by statute, pursuant to U.S.S.G. §5B1.1(b)(2). Count 4: The defendant is ineligible for probation because the defendant will be sentenced at the same time to a term of imprisonment for the same or a different offense, pursuant to U.S.S.G. §5B1.1(b)(3).

**Fines**

87.  **Statutory Provisions:** Count 1: The maximum fine is $2,000,000, pursuant to 21 U.S.C. § 841(b)(1)(C). Count 4: The maximum fine is $250,000, pursuant to 18 U.S.C. § 3571(b).

88.  Count 1: A special assessment of $100 is mandatory, pursuant to 18 U.S.C. § 3013. Count 4: A special assessment of $100 is mandatory, pursuant to 18 U.S.C. § 3013.

89.  **Guideline Provisions:** The fine range for this offense is $10,000 to $2,000,000. If the defendant is convicted under a statute authorizing (A) a maximum fine greater than $500,000, or (B) a fine for each day of violation, the Court may impose a fine up to the maximum authorized by the statute, pursuant to USSG §5E1.2(c)(4).

90.  Costs of prosecution shall be imposed on the defendant as required by statute, pursuant to USSG §5E1.5. In determining whether to impose a fine and the amount of such fine, the Court shall consider, among other factors, the expected costs to the government of any term of probation, or term of imprisonment and term of supervised release imposed, pursuant to USSG §5E1.2(d)(7) and 18 U.S.C. § 3572(a)(6). These costs may include drug and alcohol treatment, electronic monitoring, and/or contract confinement costs. The most recent advisory from the Administrative Office of the United States Courts, dated July 13, 2017, provides the following monthly cost data:

|  | **Bureau of Prisons Facilities** | **Community Correction Centers** | **Supervision by Probation Officer** |
| --- | --- | --- | --- |
| Daily | $95.00 | $80.00 | $12.00 |
| Monthly | $2,898.00 | $2,440.00 | $366.00 |
| Annually | $34,770.00 | $29,280.00 | $4,392.00 |

**Restitution**

91.  **Statutory Provisions:** The restitution provisions of 18 U.S.C. § 3663(a)(1)(A) apply in this case and there is no identifiable victim. Community restitution may be ordered in offenses where the defendant has been convicted under 21 U.S.C. §§ 841, 848(a), 849, 856, 861 or 863 and the Court has considered the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and any other factors as the Court deems appropriate in determining whether to award this type of restitution, pursuant to 18 U.S.C. §§ 3663(c)(1) and 3663(a)(1)(B)(i)(II).

92.  **Guideline Provisions:** There is no identifiable victim and the defendant was convicted of an offense involving 21 U.S.C. §§ 841, 848(a), 849, 856, 861, or 863. Therefore, the Court, taking into consideration the amount of public harm caused by the offense and other relevant factors, shall order an amount of community restitution not to exceed the fine imposed under U.S.S.G. §5E1.2 and U.S.S.G. §5E1.1(d).

### Denial of Federal Benefits

93.  **Statutory Provisions:** At the discretion of the Court, the defendant, having been convicted of a second drug distribution offense, shall be ineligible for any and all federal benefits for up to 10 years after such conviction, pursuant to 21 U.S.C. § 862(a)(1)(B).

94.  **Guideline Provisions:** Pursuant to 21 U.S.C. § 862, the Court may deny the eligibility for certain Federal benefits of any individual convicted of distribution or possession of a controlled substance, pursuant to U.S.S.G. §5F1.6.

## PART E FACTORS THAT MAY WARRANT DEPARTURE

95.  The probation officer is aware of no factors, either mitigating or aggravating, which would justify a departure from the guideline range.

## PART F. FACTORS THAT MAY WARRANT A SENTENCE OUTSIDE OF THE ADVISORY GUIDELINE SYSTEM

96.  The probation office has not identified any factors under 18 U.S.C. § 3553(a) that may warrant a sentence outside of the advisory guideline system.

Respectfully Submitted,

Michelle L. Studer
U.S. Probation Officer

Approved:

Anthony C. Josselyn
Supervising U.S. Probation Officer

**Raheem Sulaiman Abdul-Qawi – PSR Additions, Corrections, and Objections**

**Paragraph 13** – Mr. Abdul-Qawi offers additional detail regarding the search of his residence on September 30, 2016:

As discussed in Paragraph 12 of the PSR, Mr. Abdul-Qawi consented to a search of his residence and agreed to assist Lexington Police Department detectives in retrieving narcotics and two firearms immediately following his arrest.  Mr. Abdul-Qawi directed officers to the locations where he believed these items would be located.  However, a search revealed that the .40 caliber Smith & Wesson handgun at issue was hidden inside a portable radio in the spare bedroom of the residence.  Likewise, a .22 caliber Frontier revolver was stored in a female's purse in the spare bedroom.

Mr. Abdul-Qawi simply notes that he did not intend to mislead detectives.  Instead, he provided law enforcement with his best recollection of where the firearms would be located.  David Caudill and Heather Bell, individuals who had been living at Mr. Abdul-Qawi's residence for approximately one year and staying in the bedroom where the weapons were found, initially denied any knowledge of guns or drugs.  *See* PSR, Paragraph 16.  However, Caudill and Bell later confirmed that Mr. Abdul-Qawi had shown them the two firearms at issue.  *Id.*

**Paragraph 14** – Mr. Abdul-Qawi offers additional detail regarding ATF's interview with a confidential informant:

Paragraph 14 indicates that a confidential informant told law enforcement that she had a previous conversation with Mr. Abdul-Qawi about someone affiliated with ISIS who lived in another country.

Mr. Abdul-Qawi denies that he ever engaged in communications with anyone associated with ISIS or discussed other ISIS-related conduct.  Instead, Mr. Abdul-Qawi recalls that he lost contact with a female living in the Atlanta, Georgia area during the time period at issue.  The female was a Muslim, but she had no ties to ISIS and lived in the United States.

**Paragraph 16** – Mr. Abdul-Qawi notes that his comments regarding Paragraph 13 also relate to the content of Paragraph 16.

**Paragraph 23** – Mr. Abdul-Qawi objects to the application of a four-level enhancement for the use or possession of a firearm or ammunition in connection with another felony offense pursuant to USSG § 2K2.1(b)(6)(B).

As noted throughout the PSR, Mr. Abdul-Qawi's drug transactions typically took place at locations other than his residence.  *See* PSR, Paragraph 14 ("The CI…knew Abdul-Qawi was selling "dope" and was also selling it at his house down the street…."); *id.* at Paragraph 15 ("[Risner] rode with [Abdul-Qawi] as he made narcotic deliveries to

customers."). As a result, the record contains no evidence that Mr. Abdul-Qawi ever possessed a firearm while he engaged in drug trafficking. Furthermore, given where the weapons were located within his home, it was highly improbable that Mr. Abdul-Qawi could have possessed the firearms at issue in connection with his drug trafficking as required for the enhancement to apply. *See United States v. Angel*, 576 F.3d 318, 321 (6th Cir.2009) (enhancement not warranted if possession of the firearm "is merely coincidental to the underlying offense").

Application Note 14 to USSG § 2K2.1 provides the appropriate analysis, noting that the enhancement applies "in the case of a drug trafficking offense" where "a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia…." In the present case, however, the firearms were located inside a stereo and in a female's purse in the spare bedroom occupied by Mr. Caudill and Ms. Bell, not Mr. Abdul-Qawi. Under these circumstances, the weapons were not accessible during Mr. Abdul-Qawi's narcotics distributions, thus the record is insufficient to establish that the firearms "facilitated, or had the potential of facilitating" Mr. Abdul-Qawi's drug trafficking activities. USSG § 2K2.1, application note 14(A).

**Paragraph 64** – Mr. Abdul-Qawi provides the following spelling corrections:

Mr. Abdul-Qawi's middle name is spelled "Emanuel."

Mr. Abdul-Qawi's father's name is spelled "Manuel Woolfork."

**Paragraph 67** – Mr. Abdul-Qawi provides the following spelling correction:

Angela's last name is spelled "Hendrix."

## ADDENDUM TO THE PRESENTENCE REPORT

### UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF KENTUCKY
### UNITED STATES V. RAHEEM SULAIMAN ABDUL-QAWI AKA KEITH E. DAVIS
### DKT. 0643 5:17-CR-00058-JMH-001

### OBJECTIONS

### By the Government

There were no objections to the Presentence Investigation Report by the Government.

### By the Defendant

The defendant, through Counsel Jarrod Beck, provided the following additions, corrections, and objections to the PSR.

*Correction:* Paragraph 13 – Mr. Abdul-Qawi offers additional detail regarding the search of his residence on September 30, 2016. As discussed in Paragraph 12 of the PSR, Mr. Abdul-Qawi consented to a search of his residence and agreed to assist Lexington Police Department detectives in retrieving narcotics and two firearms immediately following his arrest. Mr. Abdul-Qawi directed officers to the locations where he believed these items would be located.  However, a search revealed that the .40 caliber Smith & Wesson handgun at issue was hidden inside a portable radio in the spare bedroom of the residence.  Likewise, a .22 caliber Frontier revolver was stored in a female's purse in the spare bedroom.  Mr. Abdul-Qawi simply notes that he did not intend to mislead detectives.  Instead, he provided law enforcement with his best recollection of where the firearms would be located.  David Caudill and Heather Bell, individuals who had been living at Mr. Abdul-Qawi's residence for approximately one year and staying in the bedroom where the weapons were found, initially denied any knowledge of guns or drugs. *See* PSR, Paragraph 16. However, Caudill and Bell later confirmed that Mr. Abdul-Qawi had shown them the two firearms at issue. *Id.*  Additionally, Paragraph 16 – Mr. Abdul-Qawi notes that his comments regarding Paragraph 13 also relate to the content of Paragraph 16.

*Response:*  This information does not have an impact on the advisory guideline range, but offers additional information provided by the defendant in regard to the search at his residence.  The Probation Office does not dispute any statements contained above.  ***This information will be made a part of the record by its inclusion in this addendum.***

*Correction:*  Paragraph 14 – Mr. Abdul-Qawi offers additional detail regarding ATF's interview with a confidential informant. Paragraph 14 indicates that a confidential informant told law enforcement that she had a previous conversation with Mr. Abdul-Qawi about someone affiliated with ISIS who lived in another country. Mr. Abdul-Qawi denies that he ever engaged in communications with anyone associated with ISIS or discussed other ISIS-related conduct. Instead, Mr. Abdul-Qawi recalls that he lost contact with a female living in the Atlanta, Georgia area during the time period at issue. The female was a Muslim, but she had no ties to ISIS and lived in the United States.

***Response:*** The Probation Office notes the above correction and does not dispute the statement by the defendant. ***Therefore, the above information will be made a part of the record by its inclusion in this addendum and the statement made by the CI will remain in the PSR.***

***Objection:*** Paragraph 23 – Mr. Abdul-Qawi objects to the application of a four-level enhancement for the use or possession of a firearm or ammunition in connection with another felony offense pursuant to U.S.S.G. §2K2.1(b)(6)(B). As noted throughout the PSR, Mr. Abdul-Qawi's drug transactions typically took place at locations other than his residence. *See* PSR, Paragraph 14 ("The CI…knew Abdul-Qawi was selling "dope" and was also selling it at his house down the street…"); *id.* At Paragraph 15 ("[Risner] rode with [Abdul-Qawi] as he made narcotic deliveries to customers."). As a result, the record contains no evidence that Mr. Abdul-Qawi ever possessed a firearm while he engaged in drug trafficking. Furthermore, given where the weapons were located within his home, it was highly improbable that Mr. Abdul-Qawi could have possessed the firearms at issue in connection with his drug trafficking as required for the enhancement to apply. *See United States v. Angel,* 576 F.3d 318, 321 (6th Cir.2009) (enhancement not warranted if possession of the firearm "is merely coincidental to the underlying offense").

Application Note 14 to U.S.S.G. §2K2.1 provides the appropriate analysis, noting that the enhancement applies "in the case of a drug trafficking offense" where "a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia…." In the present case, however, the firearms were located inside a stereo and in a female's purse in the spare bedroom occupied by Mr. Caudill and Ms. Bell, not Mr. Abdul-Qawi. Under these circumstances, the weapons were not accessible during Mr. Abdul-Qawi's narcotics distributions, thus the record is insufficient to establish that the firearms "facilitated, or had the potential of facilitating" Mr. Abdul-Qawi's drug trafficking activities. U.S.S.G. §2K2.1, application note 14(A).

Counsel for the defendant also provided an additional case following the initial receipt of the objections/corrections in which Counsel provides is relevant to the defendant's circumstances in this matter. *United States v. Jackson,* 2017 WL 6015425 (6th Cir. December 5, 2017). There, the defendant was given the four-level enhancement after he was convicted for being a felon in possession and selling drugs to a confidential informant on two occasions in close succession. The first transaction was for drugs. The second was for drugs and guns. He didn't bring the gun with him on either occasion. The district court applied the enhancement, but the Sixth Circuit reversed because he never "had both the power and intention...to exercise dominion and control over [a] gun in connection with the sale of drugs." The Court also concluded that the "fortress theory" didn't apply because there was no evidence that "the guns found at the defendant's residence were to be used to protect drugs or otherwise facilitate a drug transaction." The Court said that having a gun at a residence where drugs are located might trigger the enhancement, but only where "(1) large quantities of drugs have been found (2) in close proximity the relevant guns...."

***Response:*** The Probation Officer notes the above objection and was aware that this enhancement under §2K2.1 was not one in which the parties agreed upon pursuant to the written plea agreement. The Probation Officer has reviewed the *Angel* case cited above. In *Angel*, the case involves the manufacturing of marijuana plants, not distribution. There is no instance in *Angel* in which any individual could attest to the guns being present during the manufacturing of the marijuana or for the protection thereof. However, in the current case, Risner advised authorities that she had "seen the firearms on a couple of occasions and recalled Abdul-Qawi telling her he traded dope for one of them." Additionally, Bell told authorities that she observed Abdul-Qawi placing the revolver in the CD player in the bedroom where she and Caudill slept. When authorities searched the residence, they found the

drugs as well as one of the guns concealed in fixtures or appliances in the residence. None of the illegal drugs or weapons were stored together, but there is a consistent pattern of how they were all stored. There is also information provided that indicates at least one of the firearms was "part of the same course of conduct or common scheme or plan," when the firearms were possessed by way of a "trade for dope." {U.S.S.G. §2K2.1 Application Note 14(E)(ii)} *United States v. Jackson* provides a more relevant comparison to this case, but it is the position of the undersigned that *Jackson* does not provide a clear cut example of why the 4-level enhancement should not apply in this case. In *Jackson,* the guns in question were sold for cash, not a "trade" or as part of a drug transaction and a relative advised authorities that they had never seen Jackson with a gun.

The Probation Office provides that in *United States v. Sweet,* 776 F.3d 447, 450 (6th Cir. 2015), the Court found that the trading firearms for drugs constitutes *"use [of a firearm] ... in connection with another felony offense."* This case deals with an issue of double counting as well, but the Sixth Circuit confirmed the District Court's ruling that, *"the §2K2.1(b)(6)(B) enhancement punished them for facilitating drug distribution when they accepted heroin as consideration for the firearms"*.

Therefore, it is the position of the Probation Officer that the 4-level enhancement, pursuant to U.S.S.G. §2K2.1(b)(6)(B) is applicable in this matter. Should the Court find that the enhancement does not apply, the guidelines would be a total offense level of 17, resulting in a change in the advisory guideline range to 46 to 57 months. The fine range would also change to $10,000 to $2,000,000. ***Objection unresolved.***

***Corrections:*** Paragraph 64 – Mr. Abdul-Qawi provides the following spelling corrections: Mr. Abdul-Qawi's middle name is spelled "Emanuel." Mr. Abdul-Qawi's father's name is spelled "Manuel Woolfork." Paragraph 67 – Mr. Abdul-Qawi provides the following spelling correction: Angela's last name is spelled "Hendrix." ***Corrections made in PSR.***

### Modifications by the Probation Officer

Paragraph #70 has been modified to include the tattoos and piercings as reported by the defendant which had been previously excluded from the PSR.

Respectfully Submitted,

Michelle L. Studer
U.S. Probation Officer

Reviewed & Approved:

Anthony C. Josselyn
Supervising U.S. Probation Officer

**SECOND ADDENDUM TO THE PRESENTENCE REPORT**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF KENTUCKY**
**UNITED STATES V. RAHEEM SULAIMAN ABDUL-QAWI AKA KEITH E. DAVIS**
**DKT. 0643 5:17-CR-00058-JMH-001**

**<u>Modifications by the Probation Officer</u>**

The Presentence Investigation Report has been modified subsequent to the Courts finding, and following an objection by the defendant, that the 4-level enhancement pursuant to U.S.S.G. §2K2.1(b)(6)(B), use or possession of a firearm in connection with another felony, did not apply in the defendant's case.  This resulted in a change to the total offense level from 21 to 17, with an advisory guideline change to 46 to 57 months.  The fine range was also adjusted.

Respectfully Submitted,

Michelle L. Studer
U.S. Probation Officer

Reviewed & Approved:

Anthony C. Josselyn
Supervising U.S. Probation Officer

26